Board of Commissioners of Madison County v. Miller.

No. 9967.

BOARD OF COMMISSIONERS OF MADISON COUNTY v. MILLER.

SOLDIER'S BOUNTY.—*Board of Commissioners.*—*Pleading.*—*Acceptance.*—*Notice.*—*Copy of Order.*—A statement of a claim before a board of county commissioners for a soldier's bounty, based upon an order of such board offering the bounty, need not allege an acceptance of the offer, nor notice to the board of such acceptance, nor set out a copy of the order.

PLEADING.—*Contract Partly in Writing.*—*Copy.*—When a contract is parol, though evidenced in part by a writing, it is enough to plead the legal effect of the agreement, without giving a copy of the writing.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard*, for appellant.

*W. H. Clark*, *W. R. Myers* and *D. W. Wood*, for appellee.

WOODS, C. J.—The appellee presented to the board of commissioners of Madison county, a verified statement of a claim for a bounty of one hundred dollars, alleged to be due him for enlistment, to the credit of said county, in the military service of the United States during the war of the Rebellion,—the claim being based upon an order of the county board, offering bounties for such enlistment. The board of commissioners rejected the claim, and, upon appeal to the circuit court, demurred to the complaint for want of facts. This demurrer the court overruled, and, upon the hearing, rendered judgment in favor of the appellee.

The only error complained of is the ruling on the demurrer. The objections made to the complaint are that it does not set forth a copy of the order of the board of commissioners, nor allege an acceptance of the proffered bounty by the appellee.

Notice to the board of his acceptance of the offer of bounty was not necessary. *Sithin* v. *Board, etc.*, 66 Ind. 109. Even though he had been ignorant of the offer when he enlisted, he would, nevertheless, have been entitled to claim the bounty after compliance with the terms proposed; and the presentation of the claim for allowance by the county board was all the

notification of acceptance that was necessary.   *Wright* v.
*Jordan,* 71 Ind. 1 ;   *Trimble* v. *Pollock,* 77 Ind. 576.

The contract was not a written one, and consequently a
copy could not be made a part of the complaint.   *Board, etc.,*
v. *Shipley,* 77 Ind. 553.   It was enough to plead the legal
effect of the agreement, though evidenced in part by the order
of the board.   It is not claimed that this is not done.

Judgment affirmed.