Gordon *v.* Gordon.

No. 11,158.

### GORDON *v.* GORDON.

CONTRACT.—*Pleading.*—A written contract of lease, for a certain rent, with stipulations that the lessor will pay for repairs and will pay the lessor for the support of A., no time being fixed for the duration of the contract, and the kind and extent, the compensation for repairs, and for the support of A. not being fixed, is a contract partly in writing and partly in parol, and in a suit for the support of A. it need not be declared on as a contract in writing, but the complaint may be on an account.

SAME.—*Effect of Rescission.*—When, after supporting A. for a time, the writing was by agreement of the parties rescinded and destroyed, it did not destroy the right to recover for the services already rendered.

SAME.—*Evidence.*—Where a contract has been thus destroyed, its contents may be proved by parol.

ACCOUNT.—*Complaint.*—*Breach.*—A complaint on an account, averring that the defendant was indebted to the plaintiff upon it, referring to a bill of particulars filed, which then follows with "leaving due and unpaid $230," sufficiently shows that the account is due and unpaid.

From the Madison Circuit Court.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellant.

*H. D. Thompson* and *T. B. Orr,* for appellee.

ZOLLARS, J.—Action by appellee against appellant, for work and labor, and for boarding and caring for the mother of the parties. Following the statements of the ground of liability, and that a bill of particulars ·is filed with the complaint, is the statement: " Leaving due and unpaid two hundred and thirty dollars," etc. This sufficiently shows that the amount of the several items is due and unpaid. It would be a forced and unnatural construction to confine the declaration to the last item mentioned in the complaint.

The evidence shows that at the time appellant employed appellee to render the service, a writing was executed. This is called by counsel and witnesses a written contract. After appellee had rendered most of the services for which a recovery is sought in this action, he surrendered the paper to appellant, with a statement that he could render no further ser-

vices under it. To this appellant consented, and, with the acquiescence of appellee, destroyed the paper. The surrender of the paper, with the accompanying statements, put an end to the contract from that time, but it was not such a rescission as to defeat appellee's right to recover for the services already rendered.

The paper, having been thus destroyed, of course, could not be produced in evidence, and hence it was not error to admit oral testimony of its contents, if its contents were material.

From the oral testimony of its contents, we learn that by the writing appellant let to appellee a farm, which belonged to the mother, for one-half of the corn that might be raised, and agreed to pay him for all necessary repairs upon it, and for boarding and caring for the mother.

As to how long the contract should exist, the kind and extent of the repairs that might be made, the compensation to be paid therefor, and for the care and support of the mother, the paper contained no stipulation. As to all these, the rights of the parties had to be determined by resort to oral testimony. The contract, therefore, was not complete as a written contract. The contract between the parties was partly in writing and partly in parol, which for most, if not all, legal purposes, is treated as a parol contract. *High* v. *Board, etc.*, 92 Ind. 580; *Board, etc.*, v. *Shipley*, 77 Ind. 553; *Board, etc.*, v. *Miller*, 87 Ind. 257; *Stagg* v. *Compton*, 81 Ind. 171; *Pulse* v. *Miller*, 81 Ind. 190.

The contract is not such a contract as must be specially declared upon to authorize a recovery. The court below, therefore, was not in error in admitting evidence of it, under the averments of the complaint, which is in the nature of a common count.

If appellant undertook to pay for the repairs upon the mother's farm, he was bound by such undertaking, whether he had charge and control of the farm or not. Evidence, however, of such charge and control for a number of years

was competent, as tending to corroborate appellee's testimony as to such undertaking.

Appellee testified that the mother refused to return to appellant at the time the farm and papers were surrendered; that he was compelled to procure her support in the family of a relative, by the name of Johnson, and that at that time appellant verbally agreed to pay him for such support. The evidence of Johnson, therefore, as to how long he had kept her, and that appellant told him he was willing to pay for such support, was competent, in corroboration of appellee's testimony.

We can not reverse the judgment upon the weight of the evidence. It is not very conclusive, but tends to sustain the verdict of the jury.

The judgment is affirmed, with costs.

Filed June 6, 1884.