Filed June 14, 1895.

---

No. 17,176.

## CARSKADDON v. THE CITY OF SOUTH BEND.

REAL ESTATE.—*Sale.—Specific Performance.—Resolution of Common Council of a City Directing Mayor to Purchase.*—A resolution by a common council of a city directing the mayor to purchase certain real estate, upon terms stated, the offer to sell being by parol, can not be held to constitute a purchase, and the owner can not enforce specific performance. The resolution simply directs a purchase by the mayor.

SAME.—*Oral Acceptance of Terms of Resolution.*—An oral acceptance of the terms of the resolution of the common council did not create an enforceable obligation.

SAME.—*Resolution of Common Council Directing Mayor to Purchase.— Contract.—No Mutuality.—Void.*—Such proceeding, if intended as a contract of purchase, would be void for want of mutuality.

SAME.—*Reformation of Resolution.—City Council.*—The resolution of the common council not having the qualities of a contract, it can not be reformed so as to give it the quality and force of a contract.

SAME.—*Contracts Required to be in Writing.*—Contracts required to be in writing must be wholly in writing before they can be enforced.

From the St. Joseph Circuit Court.

*W. A. Funk, A. L. Brick, A. C. Harris* and *L. A. Cox*, for appellant.

*J. G. Orr, A. Anderson* and *W. Ward*, for appellee.

HACKNEY, J.—The appellant, in two paragraphs of complaint, sued the appellee to enforce specific performance of a contract for the purchase, by the appellee from the appellant, of certain real estate. The circuit court sustained appellee's demurrer to each paragraph of complaint, and that ruling is here urged as error.

From the facts pleaded in each paragraph, it appears that the appellee was contemplating the purchase of a suitable site for a city hall, and a committee of the common council had in view and under consideration several locations, including that of the appellant. On the 24th day of April, 1893, the committee divided in its choice of locations, submitted to the common council two reports, one expressing a preference for one location and the other expressing a preference for and the advantages of the location of the appellant's property, at the price for which it was offered, and of still another property if the council should desire property cheaper than that of the appellant.

The latter report was adopted, and thereupon a member of the council asked the appellant, who was present at the meeting, if he would not accept a stated sum for his property, being $1,000 less than the sum at which it

had been offered, to which appellant answered in the affirmative. The following resolution was then adopted by the council:

"*Resolved*, That the mayor of the city be instructed to purchase the property known in the proceedings of this council as the Carskaddon property, for the sum of $20,-000, said purchase to be made subject to the incumbrance thereon, $4,000 to be paid in cash and the balance of $5,000 to bear interest at six per cent. to run for a time agreed upon by said mayor and Carskaddon."

It was alleged generally that the proposition contained in the resolution was accepted by the appellant, and that it was the intention of the mover of said resolution, and of the council in adopting it, that such action should complete the purchase of said property, and that the mayor should act in receiving the deed and in executing the notes and mortgage. A tender of a deed to the mayor, and other steps by the appellant in compliance with the terms of the resolution, were alleged. In one paragraph reformation of the resolution was sought, by which the alleged intention of the appellee should be established, and thereupon to enforce specific performance.

Elaborate and able briefs have been filed by counsel for the parties, and numerous questions have been fully presented, but we are of the opinion that the judgment of the circuit court must be affirmed upon two propositions: 1. The resolution, upon its face, does not create an obligation on the part of the appellee, and, 2d, it can not be amended by parol.

Upon the first of these propositions it is perfectly plain that the resolution and the proceedings preceding it do no more than express the preference of the common council for the appellant's property, and instruct the mayor to purchase it.

It is without doubt that, as a contract, the action

taken included no obligation on the part of the appellant, and was wholly devoid of the elements of mutuality. The oral declaration of the appellant, in the meeting of the common council, that he would accept $20,-000 for his property was not enforceable under the statute of frauds. R. S. 1894, section 6629 (R. S. 1881, section 4904). Nor did his oral acceptance of the terms of the resolution create an enforceable obligation against him, first, for the reason that the resolution was not, upon its face, an obligation on the part of the city to make the purchase, and, second, because the oral acceptance was as much in violation of the requirement of said statute, that such contracts should be in writing, as was his oral offer of the property at the sum stated. The resolution but directs a purchase, upon terms stated, and by no possible construction can be held to constitute a purchase. Nor can it be said that the resolution together with the oral acceptance constitute a contract to purchase. It is short of a contract not only in that its terms create no obligation on the part of the appellee, but it is a familiar rule that where contracts are required to be in writing they must be wholly written. This rule is aptly illustrated in the case of the *Board, etc.*, v. *Shipley*, 77 Ind. 553, where a general order was entered by a board of county commissioners, allowing a bounty, in a sum stated, to each volunteer mustered into the service of the United States under a given call of the President, and which order was accepted, on the part of Shipley, by his enlistment and mustering into the service in accordance with the terms of the order. In a suit for the bounty it was held that the contract having been but partly written, and depending in part upon parol evidence should be regarded as an oral, and not as a written contract, and that the six years, and not the twenty years limitation applied. This rule has been

recognized and applied in many other cases in this State. *Overshiner* v. *Jones*, 66 Ind. 452; *Pulse* v. *Miller*, 81 Ind. 190; *Weaver* v. *Shipley*, 127 Ind. 526; *Board, etc.,* v. *Cincinnati, etc., Co.,* 128 Ind. 240; *Gordon* v. *Gordon*, 96 Ind. 134; *Board, etc.,* v. *Miller*, 87 Ind. 257; *High* v. *Board, etc.,* 92 Ind. 580.

In the *Board, etc.,* v. *Shipley, supra,* are cited a number of cases holding that resolutions much stronger than the present, in the creation of an obligation on the part of the resolving party, can not be held to embody a contract. If the resolution did not constitute a contract, and if the resolution with an oral acceptance did not constitute a contract in writing, within the requirement of the statute of frauds, it remains only to inquire whether the resolution can be amended by parol to express the alleged intention of the appellee, that is to say, the intention to complete a purchase by said resolution.

It is not necessary, to our conclusion, that we should determine the effect of the resolution if it had fully expressed the alleged intention of the appellee, but it may well be suggested as doubtful if a complete purchase by *ex parte* resolution is possible. But that reformation of the resolution is not possible we have no doubt. As written it was not a contract, and it was desired, by the reformation, to give it the quality and force of a contract.

This would be no less than creating by parol a contract which the law requires shall be in writing. That this can not be done has often been decided by this court. *Norris* v. *Blair, Admr.,* 39 Ind. 90; *Baldwin* v. *Kerlin*, 46 Ind. 426; *Ridgway* v. *Ingram*, 50 Ind. 145; *Lee* v. *Hills*, 66 Ind. 474; *Pulse* v. *Miller, supra; Wilstach* v. *Heyd*, 122 Ind. 574.

In *Lee* v. *Hills, supra,* it was said: "In the case at

bar it is claimed by the appellants that the memorandum on which they rely * did not contain all that belonged essentially to the alleged contract between them and the appellees, in this, that it did not show that the appellees had sold the appellants the goods mentioned in said memorandum. It is further claimed that the omission of the fact of sale from the memorandum was the result of mistake; but it is immaterial how the omission occurred, as it is very clear that, under the law, parol evidence could not be received to supply the omitted fact in the memorandum.''

There having been no contract, and being powerless to create one by parol, the ruling of the circuit court was right.

The judgment, therefore, is affirmed.

HOWARD, J., took no part in the decision of this case.
Filed Feb. 6, 1895.

## ON PETITION FOR A REHEARING.

HACKNEY, J.—One insistence of appellant's learned counsel is that with reference to a memorandum, made for compliance with the statute of frauds, the rule as to ordinary contracts, requiring mutuality of obligation, does not obtain. Another is that we were in error in holding that such memorandum could not be amended, by parol, to express the intention of the parties. As to the first of these propositions it may be said that it is probably too much to say that such a memorandum may not be unilateral or that a suit can not be maintained to enforce performance of a written promise orally accepted and that acceptance given renewal by the suit. However, that conclusion does not render it necessary to reverse the ruling of the lower court, since it must be true in every instance that the mistake which may be corrected in equity must be mutual. Here there is no mu-

tuality in the alleged mistake. The mistake alleged, and the only possible mistake, was that the intention of the mover of the resolution was to express a completed purchase instead of a direction to purchase, and not a mistake of the common council. But the rule held in *Baldwin* v. *Kerlin*, *supra*, is that "it is not sufficient that one of the parties should have been mistaken."

This rule would seem to deny the right to reform, as against the party making it, a memorandum merely unilateral. How the two parties to an oral agreement, of which the memorandum is but the evidence, could, by mutual mistake, omit from a memorandum by but one of such parties, an essential element thereof, would not appear possible. The present memorandum not only omits the statement of a completed purchase, but to make it do so would flatly contradict the expressed intention of the council to direct a purchase.

While, perhaps, it is going too far to say that no contract of sale or for the sale of real estate *inter partes* may be reformed to express the intention of the parties, we think it clear that equity will not insert in a unilateral memorandum, not embodying the intention to buy or to sell, that very essential feature, the omission of which left the memorandum as so much waste paper. The case of *Lee* v. *Hills*, *supra*, in principle so decides.

A like case is that of *Banks* v. *Harris Mfg. Co.*, 20 Fed. Rep. 667.

In Reed on the Statute of Frauds, section 487, volume 2, is stated even a much broader doctrine: "The weight of authority, in spite of or consistently with what has already been said, is probably that the omission of a term from a writing, though done by fraud or mistake, will not, without more, allow oral proof of the contract, unless there be an estoppel arising from a change in his situation made by the party setting up the oral contract,

and it has been held that mistake in the substance of a written contract will not be corrected on oral evidence," and further: "The principles which are to determine this question are tested best by the consideration of the point as to whether or not the rule of admission of oral proof on the ground of fraud or mistake is merely a weapon of defense, or whether chancery, upon oral proof, will correct the mistake or fraud, and decree the contract as reformed. Much of the contradiction which is to be found in the decisions may be reconciled by observing this distinction; and of those which still conflict many will be those in which the oral evidence was admitted because there was estoppel or part performance. As a general rule it may be said that oral evidence of fraud or mistake will not be admitted on behalf of a plaintiff seeking specific enforcement of the contract as established by the oral evidence."

It is said, in Wood Frauds, section 345, p. 657: "The object of the statute, in requiring a note or memorandum in writing to be made, is to prevent disputes as to what the parties had agreed to and intended, and, therefore, the memorandum or note supersedes the prior parol agreement, and excludes all proof as to what was said by the parties, or even to show a mistake in the writing itself."

We need not accept the broad doctrines announced by these authors. It is enough when we hold that there may be no reformation when it would result in a contradiction of the memorandum and would introduce an element not agreed upon by the parties and not omitted by the mistake of the party sought to be charged or by the mutual mistake of such party and the party who would enforce the memorandum, if reformed.

The petition is overruled.

Filed June 14, 1895.