## Daniel G. Trench

*v.*

## The Hardin County Canning Company.

*Opinion filed November 1, 1897.*

1. PLEADING—*when contract is properly declared on as parol.* A contract consisting of an offer by letter and an acceptance by telegram is properly declared upon as a parol contract.

2. SAME—*when variance between allegation and proof is not fatal.* A variance between the proof of the date of a parol contract and the allegation of its date as stated in the declaration under a *videlicet* is not fatal.

3. SAME—*when counts in different causes of action may be joined.* Counts in different causes of action may be joined in the same declaration, when such causes of action are of the same nature and may properly be the subject of counts in the particular action.

*Trench* v. *Hardin County Canning Co.* 67 Ill. App. 269, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

STEPHEN G. SWISHER, and W. N. HORNER, for appellant:

One cause of action cannot be alleged and a different one proved. *Railroad Co.* v. *Friedman*, 146 Ill. 583.

There can be no recovery in an action of general *indebitatus assumpsit* when the claim is upon a warranty of a chattel. *Russell* v. *Gilmore*, 54 Ill. 147; *Insurance Co.* v. *Baker*, 85 id. 415.

The common counts cannot be resorted to where there is a special contract and the breach of the contract is the *gravamen* of the action. In such case the plaintiff must declare specially. *Rollins* v. *Duffy*, 14 Ill. App. 69; *Myers* v. *Schemp*, 67 Ill. 469.

In an action on a written contract the date, being matter of essential description, must be precisely averred. *Insurance Co.* v. *Lieberman*, 58 Ill. 117.

The plaintiff is required to file with his declaration a copy of the instrument of writing or account on which the action is brought. Hurd's Stat. sec. 18, p. 1157; *Parker* v. *Brooks*, 16 Ill. 64.

PRENTISS, HALL & GREGG, for appellee:

The fact that a letter, which was merely evidence in the case, was copied and filed with the declaration would not bar other letters which were also proper evidence. *Parker* v. *Brooks*, 16 Ill. 64.

The copy of a document sued on is no part of the declaration. *Humphrey* v. *Phillips*, 57 Ill. 132.

Where a party goes to trial without objection for lack of copy sued on, or variance of copy, he cannot afterwards object. *Chumasero* v. *Gilbert*, 26 Ill. 39.

Failure to file copy with declaration, where required, is only ground for a continuance. *Hopkins* v. *Woodward*, 75 Ill. 62.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellee brought assumpsit against appellant. The declaration contained three special counts and the consolidated common counts. The first and second special counts averred a contract was entered into on, to-wit, July 10, 1893, between the parties, whereby the appellant contracted to sell and deliver to the appellee 100,000 tin cans, to be, as the first count charged, of like goodness and quality of certain sample cans, and as the second count charged, to be good and first-class in every particular and suited to the plaintiff's business; and each count alleged that the cans delivered were not as represented but greatly inferior, wherefore damage was claimed, etc. The third count averred the sale of the cans, and that appellant, in consideration of the purchase, agreed with plaintiff, in writing, to pay the sum of sixty-five cents per dozen for all cans packed with plaintiff's product, which, after such packing, were found to be leaky and unsalable,

as and for the cost of said cans and the contents, to the plaintiff, and as a breach alleged that 50,000 cans proved to be leaky and unsalable.    Attached to the declaration was a letter from appellant to appellee, as follows:

"*Hardin County Canning Co., Elizabethtown, Ky.*:

"DEAR SIRS—Your favor in regard to leaks received.    Dump the cans.    We have perfect confidence in your count.    Your claim will be paid on basis of *cost* of cans and contents, and you *know* this means packer's cost—about sixty-five cents per dozen would be right.    We have never settled at a higher cost than this in your section.    We will send check if this is satisfactory.

"Yours truly,    DANIEL G. TRENCH & Co."

Plea of the general issue was filed, and the cause, by agreement, submitted to the court without a jury.    Judgment was entered against the appellant, which, by his appeal, was carried to the Appellate Court for the First District, where it was affirmed.    This is an appeal from the judgment of the Appellate Court.

It appeared in evidence appellee was engaged in the business of canning corn in Elizabethtown, Ky., that appellant resided in Chicago, Ill., and that the contract was concluded through the medium of a letter written on the 31st day of March, 1893, by the appellant to the appellee, wherein appellant made certain representations as to the quality of the cans and offered to sell 100,000 of them to appellee at a specified price, and a telegram from appellee to appellant in reply, accepting the offer.    A subsequent letter from the appellee advised the appellant of the alleged claim of the appellee that the cans were not of that quality represented in the letter of the appellant. In reply, the appellant wrote the letter attached to the declaration, which is hereinbefore set out.    The appellant objected to the introduction of the first letter, for the reasons, to quote from the bill of exceptions, "that, whatever arrangement was made, the agreement that was made here appears to be in writing, and the date of the writing does not harmonize with the copy of the account

sued upon, set forth in the declaration. The second objection is, it is not shown to the court this was all the correspondence which went to make up the contract." The court overruled the objections, and defendant saved exceptions. This ruling of the court is urged as error.

The contract consisted of the proposal of the appellant contained in the first letter written by him, and its acceptance by the appellee by telegram. The proof of it was the letter, the telegram, and parol proof of the receipt of each by the parties, respectively. It was a parol contract, and was properly declared on as such by the first and second counts of the declaration. *Madison County* v. *Miller*, 87 Ind. 257; *Louisville Railroad Co.* v. *Reynols*, 118 id. 170.

The date of the contract was stated in the declaration under a *videlicet*, and it was not important it should be proved as laid. (1 Starkie on Evidence,—7th Am. ed.—487; Chitty's Pl. 257, 258.) The rule sought to be invoked is only applicable when the declaration counts upon a written instrument.

The objection that the letter should not be received in evidence until it had been shown it constituted the entire correspondence between the parties is without force. The declaration did not count upon a contract in writing, hence it was not necessary any of the letters should have been filed with it, as required by section 17, chapter 110, of the Revised Statutes, entitled "Practice," when an action is brought upon an instrument in writing.

The causes of action set out in the several special counts of the declaration were very clearly the same, and there was no reason the court should have required the plaintiff to select and abide by one of the counts. Counts in different causes of action may be joined in the same declaration when such causes of action are of the same nature, and may properly be the subject of counts in the particular action. (*Krug* v. *Ward*, 77 Ill. 603; *Hays* v. *Borders*, 1 Gilm. 46.) Hence it was not improper to in-

clude the common counts in the declaration at bar, and to recover upon them in the event the evidence warranted such a recovery.

The court was not asked to rule upon any propositions to be held as law in the decision of the case.

The other objections of the appellant relate to questions of fact in controversy in the cause, as to which the judgment of the Appellate Court is final. *National Bank of Lawrence County* v. *LeMoyne*, 127 Ill. 253.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*