Ann Rimby and James Byron, Appellees, v. W. A. Doss, Appellant.

Gen. No. 8,760.

Opinion filed October 13, 1933. Rehearing denied January 4, 1934.

L. R. Herrick, Carl I. Glasgow and C. E. Corbett, for appellant.

E. J. Hawbaker and N. E. Hutson, for appellees.

Mr. Justice Davis delivered the opinion of the court.

This suit was commenced by appellees in the circuit court of Piatt county against appellant and one T. W. Doss, but before trial the suit was dismissed as to her. They recovered a judgment against appellant for the sum of $3,000, to reverse which this appeal is prosecuted.

The declaration originally consisted of three counts, to which a demurrer was filed and sustained as to the first two counts. Amendments were made and additional counts filed, and finally the defendant filed a plea of not guilty to the third count of the amended declaration and the first count of the second amendment to the declaration; and, by stipulation of the parties, the case proceeded to trial on the issues thus formed.

The third count alleges that W. A. Doss and T. W. Doss, by their agents, with force and arms broke and entered the dwelling house of the plaintiff and made a great noise and disturbance therein, and stayed therein for a space of three days and caused persons of ill repute to be quartered therein in the nighttime, and unlawfully took all of the personal property of the plaintiff and ejected the members of the family of the plaintiff, and claimed damages in the sum of $6,000.

The first count charged, in substance, that the plaintiff had employed W. A. Doss, the defendant, an attorney-at-law, to conduct a certain partition suit in the circuit court of Piatt county, and that he did not prosecute and manage the suit with due and proper care, skill and diligence, but on the contrary prosecuted, conducted and managed the same in a careless, unskilful, negligent and improper manner to the damage of the plaintiff.

It is contended by appellant that there is a misjoinder of causes of action in the declaration, and this question was raised by demurrer, motions to direct

verdicts, by a motion to require plaintiffs to elect upon which count of the declaration they would proceed to trial, by a motion for a new trial and in arrest of judgment.

The plaintiffs are seeking to try in one suit two distinct and separate causes of action, not based upon the same state of facts and not growing out of the same transaction and having no relation whatever to each other.

At common law, case and trespass could not be joined in the same declaration, but by an amendment to our Practice Act, in 1874, what would at common law have been a cause of action in trespass, or trespass on the case, may now properly be the subject of counts in either form of action, and it follows that counts for each may be joined in the same declaration. *Krug v. Ward,* 77 Ill. 603.

Counts in different causes of action may be joined in the same declaration, when such causes of action are of the same nature and may properly be the subject of counts in the particular action. *Trench v. Hardin County Canning Co.,* 168 Ill. 135.

Tidd in his work on practice says: ''It may be safely laid down as a general rule, that whenever the causes of action are of the same nature, and may properly be the subject of counts in the same species of action, they may be joined, otherwise they cannot.'' Tidd's Practice, p. 12.

Puterbaugh says: ''The test by which to decide as to the joinder of counts—that is, what actions may be joined in separate counts of the same declaration—is thus stated in Chitty's Pleadings: 'The result of the authorities is stated to be, that when the same plea may be pleaded and the same judgment given on all the counts of the declaration, or whenever the counts are of the same nature and the same judgment is to be given on them all, though the pleas to be different, as in the case of debt upon bond and on simple con-

tract, they may be joined.' Another test is whether the same evidence will support both counts." Puterbaugh Common Law Pleading and Practice, sec. 47.

No case has been called to our attention in which it has been held proper to join in one declaration two distinct and separate causes of action, not based upon the same state of facts and not growing out of the same transaction, and in no way related in any manner to each other; but, in passing upon the question of misjoinder of actions in the opinion in the case of *Shoup v. Cummins,* 334 Ill. 539, it was said: "There is no case in Illinois within our knowledge where a proprietor of two or more tracts of land acquired through different chains of title and held in co-tenancy, each tract with a different co-tenant, has been permitted by one bill to bring all the co-tenants of all the different tracts into court for the partition of all the tracts by one decree; neither do we know of any case which has decided expressly that this could not be done, perhaps for the reason that nobody has ever thought it could be done and attempted to do it." The opinion further reads: "The case is not one of mere misjoinder of defendants who have no interest in the cause of action or in the subject matter. It is a case of misjoinder of causes of action having no connection with one another. Such causes of action cannot be joined, and though the objection may be waived and a decree by default perhaps might not be void, yet a defendant, if an objection is promptly made, cannot be called upon to answer a bill stating two distinct, independent and disconnected causes of action."

This being the rule in equity, for greater reason, one should not be called upon to defend two separate and distinct causes of action not growing out of the same transaction, in one suit at law, especially so, when the same evidence would not support both causes of action.

While it is true that our statute has abolished the distinction between actions of case and trespass, yet that does not also abolish the rule that two separate and distinct causes of action, wholly disconnected and unrelated to each other, cannot be joined in one suit.

Judgment is reversed and cause remanded, with directions to grant the motion in arrest of judgment.

*Reversed and remanded with directions.*