## MILLER ET AL. *v.* SHARP.

[No. 7,776. Filed December 20, 1912.]

1. CONTRACTS.—*Action.—Contract Partly in Writing.—Parol Contract.*—Where a written contract is relied on, the entire contract must be in writing, since a contract, partly in writing and partly in parol, is deemed in law a parol contract. p. 13.

2. CONTRACTS.—*Elements.—Meeting of Minds.*—To constitute a contract, there must be a meeting of the minds of the parties on one and the same thing. p. 16.

3. SALES.—*Contracts.—Offer.—Acceptance.*—Where defendant, by letter to plaintiffs, indicated a desire to sell his corn, both old and new, and asked for prices on both, and plaintiffs replied by stating that they understood that he wanted to sell both the new and old corn, stating the prices that they could give for each kind, based on the day's bid, and requesting an acceptance by return mail, and defendant, instead of accepting by return mail,

replied the following day that he would sell the corn on the home farm at the price offered, but that as to the old corn he would like a little more, no valid contract of sale was thereby created, since defendant's acceptance, not being in accordance with the offer, was at most only a partial acceptance of plaintiff's proposition, and not binding upon either party.   pp. 16, 18.

4.  CONTRACTS.—*Acceptance.—Scope.*—The acceptance of a proposal, to constitute a contract, must be as broad as the proposal itself, and exactly meet its terms.   p. 17.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Bert Miller and another against Noah B. Sharp. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*George M. Smith* and *Sheridan & Gruber,* for appellants.

*Joseph Claybaugh, Thomas M. Ryan* and *James V. Kent,* for appellee.

HOTTEL, J.—This is an action for damages alleged to have been sustained by appellants on account of the breach of a contract for the delivery of corn.

The complaint is in two paragraphs a demurrer to each of which was sustained.  Appellants refused to plead further and judgment was rendered against them that they take nothing by their suit and that appellee recover his costs. From this judgment appellants appeal.

The errors relied on for reversal are as follows:   (1) The court erred in sustaining the demurrer of appellee to the first paragraph of appellants' amended complaint; (2) the court erred in sustaining the demurrer of appellee to the second paragraph of appellants' amended complaint.   Each paragraph is based on three separate letters, which taken together are relied on by appellants as forming the contract between them and appellee, for the breach of which this action was brought, and each paragraph avers, in substance, that appellants are copartners, owning and operating a grain elevator in the town of Flora, Indiana, and "engaged in the business of buying grain at said town from farmers and other owners thereof to be delivered at their said elevator

at said town of Flora where it was their custom to receive the same.'' The other averments of the complaint and the difference in the theory of the two paragraphs need not be considered or taken into account for the purposes of determining the question here presented. This is so because each paragraph of the complaint is based on the same letters, and must proceed on the theory that the contract is wholly in writing. If verbal it would be void under the statute of frauds, and this fact appearing on the face of each paragraph, it would follow that no cause of action is stated in either. And where a written contract is relied on, the entire contract must be in writing, because if it is partly in writing and partly parol, it will be deemed to be, in law, a parol contract. *Louisville, etc., R. Co.* v. *Reynolds* (1889), 118 Ind. 170, 172, 20 N. E. 711; *Board, etc.,* v. *Shipley* (1881), 77 Ind. 553, 555; *Pulse* v. *Miller* (1881), 81 Ind. 190, 191; *Stagg* v. *Compton* (1881), 81 Ind. 171; *Gordon* v. *Gordon* (1884), 96 Ind. 134.

In fact, as we understand their brief, appellants recognize the law to be as above stated, their contention being that the three letters, made a part of each paragraph of complaint, when taken together, are of themselves sufficient to constitute a written contract between the parties. This being true, the only question to be determined is whether the three letters referred to are sufficient to constitute such contract.

We set out these letters in full. According to the averments of the complaint, the first letter was written by appellee after a conversation held between him and appellant Bert Miller over the telephone, and is as follows:

"Frankfort, Ind. August 3, 1909.

Mr. Burt Miller,
   Flora, Ind.
Dear Sir
   Will write you one cannot talk on phone what they would like always to say what can you engage new corn at delivered in Dec. I may sell mine So if you are not

to buisy drop me a letter this afternoon and Say what Price you will give for the new and what is the Best for the old corn 1 want to clean up ever thing this fall get all the money I can and have a good time Spending it and the Oats if you can See yourself out would like if you would make it 35 although they are yours at the Price named on the Phone do the Best for me as you allways have and I will Stay with you let me know and I may come over this afternoon

N. B. Sharp."

It is averred that this letter was received by appellants the day it was written, and Mr. Miller, on behalf of himself and his coappellant, answered it on the day it was received, as follows:

"Flora, Ind. Aug 3, 1909.

Mr. N. B. Sharp,
Frankfort, Ind.
Sir

Yours at hand and note you say you want to sell your corn new and old this market is lower all around for everything. Could give you 45 cts. pr bu for your new and 94 cts. pr hundred For Old corn that is on today bid,

So if you want to sell let me know by return mail and Oblige Yours truly,

Miller & Walker."

It is then averred that appellee by return mail—namely, on August 4, 1909—accepted said proposition for the new corn then growing on the farm, and to be harvested in 1909, which said letter of acceptance is in the words and figures following:

"Frankfort, Ind. August 4, 1909.

Mr. Burt Miller Flora Ind
        Dear Sir
did not receive your letter in time to write on morning train Sometimes I think they take mail Past and then back at any rate I was at the office at 9 a. m. and your letter was not there as to the corn I will Sell the corn on the Home Farm at your Price 45 cts. p Bu their is 48 acres out 24 for me and will be about 800 Bu I think may be my wife will Sell the corn at Coups

I may come over day after morrow if they get done thrashing here as to the old corn would like a little more will See you soon

                                        N B Sharp.''

It is insisted by appellee that the judgment of the court below, holding that these letters were not sufficient to show a contract between the parties, was correct for the following reasons: (1) Because the letters themselves do not indicate where the corn was to be delivered, and that in such case the delivery would be presumed to be at the place where the corn was situated at the time of the making of the contract, and that the complaint does not aver a demand by appellants at such place. (2) Because appellants' proposition to pay forty-five cents a bushel for the new corn and ninety-four cents a hundred for the old was made subject to the condition that it was on that day's bid, and that the letter showing the alleged acceptance of the proposition shows that such acceptance was not had until the following day. (3) Because appellee's first letter to appellants showed a desire on his part to sell all of his corn, both old and new, and that he sought a proposition covering the corn, both old and new; that appellants' proposition was made fixing a price on the old corn as well as the new, and that the alleged acceptance related to the new or growing corn only, and was not an acceptance of the proposition as made; that for this reason appellants could have refused to comply with their proposition, and this being true and appellants not being bound by an offer accepted in part only, it follows that appellee was not bound by such acceptance.

As to the first ground of appellee's contention, it is insisted by appellants, in effect, that while the letters in this case must be sufficient to create the contract, they may be read and interpreted in the light of a known custom or usage of the parties to the contract in relation to the place of delivery, and that the averments of each paragraph of the

complaint, with reference to said custom and usage, make them sufficient in this regard.

In view of the conclusions we have reached on the other grounds of appellee's contention, we deem it unnecessary to set out the averments of the paragraphs of the complaint as to said custom and usage, or to determine their sufficiency in this respect.

We think that the complaint is open to the other grounds of objection urged by appellee, and that for this reason the demurrer to each paragraph was properly sustained.

Before there can be said to be an agreement between the parties, there must be a meeting of the minds of such parties on the matter attempted to be agreed on, and no contract can be said to have been created between parties where their minds have not agreed on one and the same thing. *Cartmel* v. *Newton* (1881), 79 Ind. 1, 8; 7 Am. and Eng. Ency. Law (2d ed.), 131-135 and notes: *Potts* v. *Whitehead* (1872), 23 N. J. Eq. 512; *Kyle* v. *Kavanagh* (1869), 103 Mass. 356, 359, 360, 4 Am. Rep. 560; *Carr* v. *Duval* (1840), 14 Pet. *77, 10 L. Ed. 361; *Tilly* v. *Cook County* (1880), 103 U. S. 155, 161, 26 L. Ed. 374; *Cal Hirsch & Sons, etc., Co.* v. *Peru Steel, etc., Co.* (1912), 50 Ind. App. 59, 96 N. E. 807, and authorities cited.

Appellee by his first letter indicated a desire to sell his corn, both old and new. He wanted to "clean up everything" that fall, and "get all the money" he could, and with this idea and purpose, expressed in his letter, he asked appellants to drop him a letter, and "say what price" they would "give for the new and what is the best for the old corn."

Appellants understood from the letter received that appellee wanted a price for both old and new corn, as evidenced by the following language in their letter: "You say you want to sell your corn new and old" and they made their proposition accordingly, viz.: "Could give you 45 cts. pr. bu. for your new and 94 cts. pr. hundred for old

corn.'' Whatever may be said of the acceptance, we think it clear that this proposition was so worded that appellants could rightfully have insisted that they would not be bound by an acceptance of part only, and the mutuality of obligation necessary in all contracts would not permit appellee to be bound by a partial acceptance of a proposition made by appellants, which did not have the effect of binding them also.

The further condition or qualification put into this proposition by the words, ''that is on today bid. So if you want to sell let me know by return mail,'' to us seems important, and, in a measure, controlling. Appellants must have had some reason for putting these words into their proposition. Their evident purpose must have been to advise appellee that the proposition made to him was made on the day's bid, which might be subject to whatever change the next day's bid might make necessary. This is further indicated by the admonition to appellee that if he wanted to sell he must let appellants ''known by return mail.'' We think the entire language and tenor of this proposition indicates an intention to limit it as we have indicated. It will be observed that the language of the proposition is not that we *''will give''* but the language is, ''could give   *   *   *   on today bid.'' We think the following language of the court in the case of *Eggleston* v. *Wagner* (1881), 46 Mich. 610, 620, 10 N. W. 37, apt and applicable to the facts of this case: ''In order to convert a proposal into a promise the constituents of the acceptance tendered must comply with and conform to the conditions and exigencies of the proposal. The acceptance must be of that which is proposed and nothing else and must be absolute and unconditional. Whatever the proposal requires to fulfill and effectuate acceptance must be accomplished and the acceptance must include and carry with it whatever undertaking, right or interest the proposal calls for, and there must be an entire agreement be-

tween the proposal and acceptance in regard to the subject-matter and extent of interest to be contracted. If the parties do not refer to the same things in the same sense the transaction is simply one of proposals and counter-proposals.''

In *Potts* v. *Whitehead, supra,* at page 514, it is said: ''An acceptance, to be good, must, of course, be such as to conclude an agreement or contract between the parties. And to do this, it must in every respect meet and correspond with the offer, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand.'' See, also, *Carlmcl* v. *Newton, supra; Johnston* v. *Stephenson* (1872), 26 Mich. 63; *Tilly* v. *Cook County, supra; Arthur* v. *Gordon* (1889), 37 Fed. 558.

Appellee, if it can be said from his last letter that he intended any acceptance—a question which we do not decide—could have, at most, intended only an acceptance as to the new corn. The letter of acceptance shows that the acceptance was not until the day following the proposition and that it was not sent by return mail.

For the reasons indicated, we think it appears from the letters relied on as constituting the contract in this case that the minds of the parties to be bound thereby never agreed on the same thing, and therefore, under the authorities, no contract was ever created between them. Neither paragraph of the complaint stated a cause of action, and the demurrers thereto were properly sustained.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 108. See, also, under (1) 9 Cyc. 753; (2) 9 Cyc. 245; (3) 35 Cyc. 52; (4) 9 Cyc. 265.