WORLD TIRE CORPORATION *v.* GIBSON COMPANY.

[No. 11,229. Filed June 22, 1922.]

1. CONTRACTS.— *Elements.— Offer.— Acceptance.*— For an offer and acceptance to constitute a contract, the acceptance must meet and correspond with the offer in every respect, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points. p. 438.

2. SALES.—*Contracts.—Offer.—Acceptance.—Sufficiency.*—A purported acceptance of an offer to sell a quantity of tires, which embodied conditions, not stated in the original offer, that each tire should have the name and serial number thereon, and be in wrappers not branded in any way, is insufficient to establish the contract claimed. p. 438.

3. SALES.—*Contracts.—Offer.—Acceptance.—Sufficiency.*—Where defendant, in its original offer to sell a quantity of tires, stipulated that a payment sufficient to "guarantee charges" accompany the order, subsequent correspondence resulting in a final offer, which was the same as the one originally made, except that it contained a representation that the tires offered were "firsts," and gave an additional discount from the list price in consideration of plaintiff's taking the entire lot, continued the condition as to partial payment contained in the original offer, which formed the basis of all subsequent correspondence, as a term of the final offer, and an order assuming to accept

the final offer which was not accompanied by the payment of the charges was insufficient to constitute a valid acceptance. p. 438.

4.   SALES.—*Contracts.—Offer.—Acceptance.— Sufficiency.— Failure to Accompany Order with Required Payment.—Want of Knowledge of Amount.*—Where an offer to sell a quantity of tires required a "payment sufficient to guarantee charges" with the order, the fact that the buyer did not know the amount of such charges, so that he could tender their payment, does not excuse his failure to make such tender and entitle an acceptance without it to be regarded as completing the contract, but merely shows that the buyer was without sufficient information to make a valid acceptance.   p. 438.

From Marion Superior Court (A8,984); *W. W. Thornton,* Judge.

Action by the World Tire Corporation against the Gibson Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens,* for appellant.

*Charles Remster, Henry H. Hornbrook, Albert P. Smith* and *Paul Y. Davis,* for appellee.

BATMAN, C. J.—On March 26, 1920, appellee wrote appellant the following letter: "Subject to immediate acceptance we offer the following Carlisle Cord tires at 60% off the prevailing list. (Here follows quantities, sizes, and prices.)   We will require a payment sufficient to guarantee charges, to accompany the order and will make shipment sight draft bill of lading attached for the balance." On March 29, 1920, appellant answered the same as follows: "We have your letter of the 26th instant offering us a special lot of Carlisle Cord tires at 60% off the prevailing list, and we might be interested in the following: (Here follows quantities, sizes, with designation 'Straight Side') Please let us know whether these are 'firsts' or 'seconds.'" On March 31, 1920, appellee wired appellant: "Carlisle Tires all first

suggest you wire to insure getting quantities your letter specified." On the same date appellant wired appellee: "We just purchase job lot Carlisle Cord firsts off old list. We will accept assortment as per our letter March twenty-ninth providing you will sell them to us at sixty-five per cent. off list price you submitted." On April 2, 1920, appellant wired appellee: "Please answer our wire March thirty-first." On same date appellee wired appellant: "Will answer in a few days," and appellant wired appellee: "Must have definite advice by tomorrow noon on account our catalogue going to press." On same date appellee wired appellant: "Will accept sixty-five per cent. off if you will take entire quantity specified in our March twenty-sixth letters." On same date appellant wrote appellee the following letter: "Enclosed herewith please find our purchase order for the quantity of Carlisle Cord Tires which you offered us. This is in accordance with your wire of even date accepting our offer of 65% off list price, and we are purchasing these tires with the understanding that they are 'firsts,' with name and serial number on each and every tire, in wrappers and it is understood that they are not branded in any way. Kindly acknowledge receipt of our purchase order, and make shipment at the earliest possible date." The order enclosed with said letter is as follows: "Ship * * * at once. (Here follows same quantities and sizes contained in first letter of appellee to appellant, designated as 'Carlisle Cord Tires,' with prices, showing discount of 65%) Firsts with name and serial numbers in wrappers not branded in any way." On the following day appellee wired appellant: "All our quotations on Carlisle Tires withdrawn thanks for your consideration." and two days later the former sent the latter the following telegram: "Your order arrived too late tires were sold before we heard from you." No goods were ever shipped by ap-

pellee to appellant by virtue of said order, although a demand for such shipment was duly made. Based on these facts, appellant instituted this action against appellee to recover the damages, which it claims to have sustained by reason of a breach of the alleged contract, evidenced by the correspondence set out above. The complaint is in two paragraphs, to each of which appellee filed a separate and several demurrer for want of facts, which was sustained, and appellant refusing to plead further, judgment was rendered against it. The ruling of the court on the demurrer to the complaint is the only error assigned on appeal.

It is well settled that in order for an offer and an acceptance to constitute a contract, the acceptance must meet and correspond with the offer in every respect, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points, and closing with them just as they stand. *Miller* v. *Sharp* (1912), 52 Ind. App. 11, 100 N. E. 108; *Corydon Milling Co.* v. *Noblesville Milling Co.* (1919), 69 Ind. App. 491, 122 N. E. 362; *Atkins* v. *Kattman* (1912), 50 Ind. App. 233, 97 N. E. 174. An application of this principle to the facts alleged in each paragraph of the complaint would fully justify the action of the court in its ruling on the demurrer thereto. This is true for the reason that the acceptance on which appellant relies is not unqualified, but contains the following conditions not found in appellee's offer, viz.: that each tire should have name and serial number thereon, and be in wrappers not branded in any way.

There is still another reason for holding that neither paragraph of the complaint states facts sufficient to constitute a cause of action. It will be observed that the first letter from appellee to appellant, in which the original offer was made, contains the following provision: "We will require a payment suffi-

cient to guarantee charges, to accompany the order." This letter evidently forms the basis of all the subsequent correspondence set out above, and must be read in connection therewith. When this is done, and the correspondence as a whole is fairly construed, it clearly appears that appellee's final offer was the same as the one originally made, except that it contains a representation that the tires offered were "firsts," and that, in consideration of appellant taking the entire lot, a discount from the list price of sixty-five per cent. would be allowed. In order for appellant to make such an acceptance of said offer, as would make the same binding on appellee, and thereby create an obligation on its part to ship the tires, it was essential that the payment mentioned in the clause quoted above from appellee's first letter be made as therein provided. Neither paragraph alleges that any such payment was made or tendered, nor alleges any valid excuse for a failure in that regard. Appellant, in the first paragraph of its complaint, seeks to excuse its failure to make such payment on the ground, that it did not and could not know the amount required, and that appellee did not notify it of such amount, but sent it the telegrams set out above, bearing dates of April 2, 3, and 5, respectively, before it did or could make such payment. These facts afford no excuse for such failure, as they only show that appellant was without sufficient information to make a valid acceptance of appellee's offer, and that appellee withdrew the same before it had an opportunity to do so.

In the second paragraph of the complaint, appellant makes no effort to excuse its failure to make such payment, but proceeds on the theory that the offer contained in appellee's first letter forms no part of the contract as finally made, except in so far as it may serve to identify the subject-matter, as it was never accepted, and hence none of its conditions are binding on it. We do not so

view the alleged contract, but consider said first letter the basis of all the subsequent correspondence with reference to the sale of such tires, as we have heretofore stated. The court did not err in sustaining the demurrer to either paragraph of the complaint.

Judgment affirmed.