## NEAL ET AL. *v.* BAKER.

[No. 25,313.   Filed October 29, 1926.]

1. QUIETING TITLE.—*Complaint held insufficient to quiet title for the reason that it did not show any title had vested in plaintiff.*—A complaint alleging that, in response to a letter received from the owners of certain real estate proposing that if the plaintiff would come and live with them and care for them during their lives, they would convey or devise the same to her, she accepted their proposition, made her home with them, and cared for them until the death of the survivor, receiving no wages or other compensation, and that they neither conveyed nor devised said land to the plaintiff, and that defendants, their heirs, had refused to convey the same to her, was insufficient as a complaint to quiet title, as it did not show that any title had become vested in her.   p. 399.

2. PLEADING.—A complaint which alleges facts showing that plaintiff is entitled to some relief will withstand a demurrer although not sufficient to entitle plaintiff to the relief asked. p. 399.

3. SPECIFIC PERFORMANCE.—*Paragraph of complaint held sufficient as stating cause of action for specific performance, though relief asked was to quiet title.*—A paragraph of complaint alleging that the owners of certain real estate had promised in writing to give the same to her if she would come and live with them and care for them during their lives, they would convey or devise said land to her, that she accepted their proposition and lived with and cared for them until the death of the survivor, without any compensation therefor, that neither the decedents nor their heirs had conveyed said property to her, sufficiently stated a cause of action for specific performance. p. 399.

4. PLEADING.—An allegation that plaintiff was the owner in fee simple of the equitable title to the land described in the complaint was a defect properly challenged by motion to make more specific.   p. 400.

5. PLEADING.—*Effect of opposing motion to make pleading more specific stated.*—Where the plaintiff opposes a motion to make

his pleading more specific by stating the facts supporting certain conclusions alleged therein and procures the overruling of such motion, he will be deemed to have admitted that no facts other than those stated were relied on to sustain said conclusions, and the conclusions are to be disregarded in ruling on a demurrer thereto.    p. 400.

6. JURY.—*Overruling motion for trial of issues by court held proper.*—There was no available error in overruling a motion to submit the issues to trial by the court where the complaint consisted of two paragraphs, one seeking the specific performance of a contract and the other asking that title be quieted, although the former paragraph should have been submitted to the court for trial.    p. 400.

7. MOTIONS.—*Overruling motion asking for relief to which party is not entitled is not error.*—Where a motion asks for relief to which the party is not entitled, it may be overruled without error, even though it also contains a petition for relief which the court ought to grant if asked by a proper motion. p. 400.

8. SPECIFIC PERFORMANCE.—An undertaking to make a gift of land, without consideration, even though in writing, cannot be specifically enforced where the donee has not taken possession or made improvements.    p. 403.

9. FRAUDS, STATUTE OF.—*Sufficiency of memorandum of agreement.*—A memorandum of agreement under the statute of frauds (§8045 Burns 1926) must set out its terms so fully that the court can know from the writing what the person seeking to enforce the agreement was to do as well as what was to be done by the other party.    p. 403.

10. FRAUDS, STATUTE OF.—Oral evidence is not admissible to supply any of the essential terms of a contract within the statute of frauds (§8045 Burns 1926).    p. 403.

11. SPECIFIC PERFORMANCE.—*Letter held not sufficient memorandum of contract to convey land to authorize specific performance of contract.*—A letter in which the owners of real estate promised to give to another "the home place," but did not state what the donee was to do in consideration for the gift, was not sufficient evidence to establish the right of the latter to specific performance, since the agreement was within the statute of frauds (§8045 Burns 1926).    p. 403.

12. QUIETING TITLE.—*Evidence held insufficient to justify verdict for plaintiff in action to quiet title.*—Evidence *held* not sufficient to justify verdict for plaintiff in action to quiet title to farm which the owners promised, in writing, to convey to her if she would care for them for the remainder of their lives. p. 403.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Action by Essie F. Baker against Alfred Neal and others. From a judgment for plaintiff, defendants appeal. (Transferred from Appellate Court under subd. 2 of §1357 Burns 1926.) *Reversed.*

*Emison & Hoover, Kessinger & Hill, D. Frank Culbertson* and *Hays & Hays,* for appellants.

*Curtis G. Shake, Joseph W. Kimmel, J. W. Lindley, James A. Jones* and *Charles H. Bedwell,* for appellee.

PER CURIAM.—Appellee, the plaintiff below, commenced an action for specific performance of a contract alleged to have been made by the ancestor of appellants, the defendants below, to convey to her a certain described quarter section of land in Knox county, Indiana. She afterward filed a second paragraph alleging substantially the same facts that had been alleged in the original complaint, except for the substitution in the second paragraph of an averment that, by reason of being the heirs of Caroline Haper, the defendants "are claiming to be the owners of said described real estate," in place of an averment in the original complaint "that by reason of said heirship said defendants * * * now are the owners of said described real estate," and the substitution therein of formal averments such as are usually found in a complaint to quiet an alleged equitable title against claims of the defendants adverse thereto and of a demand that her title be quieted instead of the averments that by reason of alleged promises of defendants' ancestors, plaintiff was entitled to a decree of specific performance, and the demand for a decree of specific performance and the appointment of a commissioner to convey the real estate in question to plaintiff, which the original complaint had contained. A third paragraph was also filed which alleged that "plaintiff is the owner in fee

simple of the equitable title to" the real estate [describing it], and that defendants were claiming some interest in said real estate adverse to plaintiff's right which was unfounded and a cloud upon her title, followed by a prayer that her title be quieted and for all proper relief. A motion to make the third paragraph of complaint more specific by stating the facts on which plaintiff based her alleged conclusion that she was the owner in fee simple of the equitable title to the real estate was overruled. Appellants then demurred separately to each of the second and third paragraphs of complaint on the ground that neither states facts sufficient to constitute a cause of action, which demurrer was overruled and they excepted. The first paragraph of the complaint was then dismissed, and over an objection and exception by the defendants, the cause was submitted to a jury, which returned a verdict in favor of the plaintiff. The defendants filed a motion for a new trial, alleging error in the submission of the cause for trial by a jury and in the giving and refusal of certain instructions, and insisting that the verdict was not sustained by sufficient evidence, in that the letter written by defendants' ancestor and her husband did not constitute a conveyance of the land, nor a written memorandum of agreement to convey the land to plaintiff that was sufficient under the statute of frauds, but the court overruled this motion and entered a judgment in general terms quieting plaintiff's title. Overruling the demurrers to the second and third paragraphs of complaint and overruling the motion for a new trial are assigned as errors.

The second paragraph of the complaint alleged, in substance, that Henry A. Haper and Caroline (Neal) Haper were husband and wife; that in 1898 they acquired by purchase the tract of land in question, containing 150 acres, more or less; that thereafter until

the death of Henry A. Haper, on August 12, 1920, they owned and possessed said real estate as tenants by entireties; that by the death of her said husband, Caroline Haper became the sole owner thereof, in fee simple; that afterward, on July 21, 1921, Caroline Haper died, intestate, leaving defendants as her sole heirs, by reason of which, they "ever since her said death have been and now are claiming to be the owners of said described real estate, as tenants in common in fee simple." That in March, 1901, plaintiff was a strong and healthy girl nineteen years old, and she then entered the employment of said Henry A. and Caroline Haper as a servant in their home, and remained in said employment continuously until the first of March, 1905. That from then until May, 1911, she did domestic work for various persons, but worked for Henry and Caroline Haper occasionally, from time to time. That during that period, Henry and Caroline Haper many times asked and begged plaintiff to return to their home and live with and work for them, and wrote her letters begging her to return and make her home with them. That in May, 1911, they were living alone in their home on said described real estate and then wrote, directed and caused to be forwarded and delivered to plaintiff by United States mail, a certain letter, signed by each of them, in which they said to plaintiff that they were lonely and had found it impossible longer to live in peace and comfort without the assistance and companionship of plaintiff; that they had talked the matter over fully and decided to say to the plaintiff that if she would return to their home and live with and care for them so long as they and each of them should live, they, or the survivor of them, would give to her for such services and sacrifices, upon their deaths, their certain home farm of 150 acres, where they lived, the same being the real estate described. That said letter had been lost or de-

stroyed, and for that reason plaintiff could not set out an exact copy. That upon receipt of said letter, plaintiff went to the home of Henry and Caroline Haper and told them that she had concluded to accept the proposition made by them to her in said letter, and thereupon became in all respects a member of their family, and performed their household work and helped them with their farm work and their live stock, waited upon them in their periods of sickness, attended to their business affairs, and cared for them dutifully and administered to their wants and desires, and otherwise did and performed every duty and obligation imposed upon her in a faithful and obedient manner for more than ten years and so long as each of them lived, occupying a relationship like unto a member of their family, during which time, she received no wages or compensation except her necessary clothing. That she did and performed every part of said agreement to be by her performed, and that said Henry A. Haper died and thereafter Caroline Haper died, but that both and each of them failed and omitted to convey and give said real estate to plaintiff by deed, devise, or otherwise, and that defendants had also failed, omitted and refused to convey said described real estate to the plaintiff. "Wherefore, this plaintiff says that she is the equitable owner of the following described real estate * * * (describing it) * * * that said defendants and each of them are claiming an interest in said real estate adverse to plaintiff's rights, which claim of defendants and each of them is unfounded and without right and is a cloud upon plaintiff's title, and plaintiff asks to have her title to said real estate quieted as against the defendants and each of them, and plaintiff demands all other proper relief."

The facts stated in the second paragraph were clearly insufficient to make out a cause of action for quieting

plaintiff's title.  They failed to show that any
1. title whatever had become vested in her, even
so much as arises from being actually in posses-
sion or having the right to possession.  But what was
alleged, at most, merely showed that she might be en-
titled to a decree vesting the title in her by way of
specific performance, if all the surrounding facts should
be such that a court of equity, in the exercise of a sound
legal discretion, should determine that she has the right
to such relief.  But alleging a state of facts which,
if duly supported by other facts not stated, and if un-
modified by any facts tending to control the exercise
by the chancellor of his discretion, would be sufficient
to obtain a decree for the specific performance of an
agreement to convey title to plaintiff, is not the same
as alleging that plaintiff already has title, and is the
"owner" of the property, whether by a legal or an equi-
table title.

However, a complaint which alleges facts showing
the plaintiff entitled to any relief whatever may with-
stand a demurrer, even though it is not sufficient
2, 3. to entitle plaintiff to the particular relief asked.
And since this paragraph of complaint alleged
that Caroline Haper and her husband promised the
plaintiff in writing "that if she would return to their
home and live with and care for them so long as they
and each of them should live they, or the survivor of
them, would give to her for such services and sacrifices
upon their death their certain home farm of 150 acres,
where they live," that she accepted the proposition thus
made and did live with and care for them during a
period of ten years and until their deaths, that Caro-
line Haper died the owner of said land, and that
defendants were her sole and only heirs, but that the
said Caroline Haper and her heirs, the defendants, had
failed and refused to make a conveyance as agreed, we

think it sufficiently stated a cause of action for specific performance to withstand a general demurrer.

The only objection to the third paragraph of the complaint suggested by appellants' brief is that it alleged the plaintiff to be "the owner in fee simple of the equitable title," which is a contradiction of terms, since an equitable title is not the fee simple, and a fee simple title is a legal and not an equitable title. This was a defect in the pleading that was properly challenged by a motion to make the language more specific, asking that the facts relied on as constituting ownership of an "equitable title" be set out. Defendants' motion to that effect should have been sustained. And plaintiff's act in opposing and procuring the court to overrule it must be deemed an admission that no facts were relied on to make out the title sought to be quieted except those expressly averred. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 380, 381, 132 N. E. 740; *Enterprise, etc., Pub. Co.* v. *Craig* (1924), 195 Ind. 302, 306, 144 N. E. 543. Thus interpreted, the third paragraph alleged that plaintiff was the owner in fee simple of the land described, which, with the other averments its contained, stated a cause of action. And since one paragraph of the complaint stated a cause of action for specific performance of a contract to convey land, and the other stated a cause of action to quiet an alleged fee simple title, no error was committed in overruling either demurrer.

Submitting the issues to a jury, over an objection and exception by the defendants, is assigned as a cause for a new trial. From what has been said, it is apparent that the issues joined on the second paragraph of the complaint were exclusively of equitable cognizance and should have been tried and decided by the court. But the issues joined on the third

paragraph, alleging that plaintiff was the owner in fee simple of the land described, and asking that her title be quieted, were subject to be tried by a jury. And since the motion that the issues be submitted to the court for trial without the intervention of a jury, the exception to the ruling thereon, and the specification in the motion for a new trial presenting that ruling for review, were all in general terms, and embraced the issues joined on the third paragraph of complaint, as well as those joined on the second paragraph, the action of the court in overruling the motion is not available as cause for reversing the judgment on appeal. Where a motion asks for relief to which the party is not entitled, it may be overruled without error, even though it also contains a petition for relief which the court ought to grant if asked by a proper motion. If a motion, asking separately that the issues joined on the second paragraph of complaint be submitted to and tried by the court had been overruled, a different question would be presented.

There was evidence that Henry Haper and Caroline Haper were husband and wife and owned the land in question, and that Caroline Haper survived her husband and died in July, 1921. That plaintiff had lived in their home as a servant for a few years, and then had worked for other people most of the time for a few more years, and that about February or March, 1913, Henry Haper and Caroline Haper signed and sent by mail to the plaintiff an undated letter which read as follows:

"Our Dear Girl: We still will caul you our girl —We will fill our promises. We will give you the home place—You now we will do just what we said· and we will treat you just as good as we now how— You can help us out—Carrie ante well. We tocked things over—We want you to come home.

We still think you belong to us—Home is lonesome without you—Everything will all be yours after our death.   Now Essie pleas come home soon.

"Good By

"Henry A. Haper,
"Caroline Haper."

That, after receiving this letter, plaintiff went to the home of Henry and Caroline Haper and worked for them to their satisfaction until the death of Henry Haper, a period of about ten years, and thereafter continued to live with and work for Caroline Haper until her death more than a year later, and that they often said they could not get along without her.   That just before his death, Henry Haper gave her some building and loan stock of the value of $1,600 and by his will bequeathed her $4,000, all of which she accepted and retained.   And there was much oral testimony to the effect that both Henry and Caroline Haper had much affection for plaintiff and depended upon her as one might depend upon a daughter, and that she did their work and managed their business for them for some years.   It was also proved that they owned the farm of 150 acres by the entireties, and lived upon it and often designated it as "the home place," and that Henry Haper owned other lands.   Also that Caroline Haper outlived her husband and died intestate a short time before this action was commenced.   But there was no evidence of the execution by defendants' ancestor of any conveyance or contract in writing for the conveyance of the lands in question to the plaintiff except so far as a contract to that effect may be expressed in the letter above set out, which entirely and wholly failed to contain the provision which the complaint alleged it did, "that if she (plaintiff) *would return to their home and live with and care for them so long as they and each of them should live,* they or the survivor of them

would give to her *for such services and sacrifices, their certain home farm* of 150 acres where they lived." The statute enacts that "no action shall be brought in any of the following cases * * * fourth, upon any contract·for the sale of lands * * * unless the promise, contract or agreement upon which such action· shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized * * *." §8045 Burns 1926, §4904 R. S. 1881; *Schoonover, Exr.,* v. *Vachon* (1889), 121 Ind. 3, 4, 22 N. E. 777.

Therefore, the sufficiency of this evidence to sustain a finding that plaintiff is entitled to specific performance of the alleged contract depends upon 8-12. whether or not that letter constitutes "a promise, contract or agreement" that will take the case out of the statute. Assuming for the purposes of the argument, but not deciding, that the farm of 150 acres on which Mr. and Mrs. Haper lived was sufficiently designated and described as "the home place," we look in vain in this writing for any information as to what the "promises" were which the writers undertook to fulfill, and more especially for any information as to the consideration moving from plaintiff to Mr. and Mrs. Haper in return for which they were to "give her the home place." An undertaking to make a gift of land, without consideration, even though in writing, cannot be enforced by an action for specific performance, where the donee did not take possession nor make improvements. *Froman* v. *Froman* (1859), 13 Ind. 317; See *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 20, 103 N. E. 869; 28 C. J. 629. And the memorandum in writing of an agreement must set out its terms so fully that the court can know from the writ-

ing what the person seeking to enforce the agreement was to do as well as what should be done by the persons against whom it is sought to be enforced. *Lee* v. *Hills* (1879), 66 Ind. 474, 480; *Porter* v. *Patterson* (1908), 42 Ind. App. 404, 409, 85 N. E. 797. Oral evidence is not admissible to supply any of the essential terms of a contract within the statute of frauds, which the writing signed by the party to be charged may have failed to express. *Lee* v. *Hills, supra; Zimmerman* v. *Zehendner* (1905), 164 Ind. 466, 469, 73 N. E. 920, 3 Ann. Cas. 655; *Carskaddon* v. *City of South Bend* (1895), 141 Ind. 596, 599, 39 N. E. 667; *Graham* v. *Henderson Elevator Co.* (1916), 60 Ind. App. 697, 703, 111 N. E. 332. Therefore, the letter was not sufficient evidence to prove plaintiff's right to a decree of specific performance, under the issues joined on her second paragraph of complaint. And not being a deed of conveyance and not operating by its delivery to vest title in the plaintiff, and no element of estoppel to deny that she owned a title with which defendants or their ancestor apparently had clothed her having been proved, the letter did not supply evidence sufficient to sustain the verdict in plaintiff's favor upon the issues joined on her third paragraph of complaint, by which she alleged that she already was the owner of the title in fee simple to the farm, which title she asked to have quieted. For lack of a written contract, agreement, memorandum or instrument of conveyance, either presently conveying the title to plaintiff or stating what was agreed to be done by her in return for which defendants' ancestor and her husband were to "give her the home place," the evidence was insufficient to sustain a verdict or finding in plaintiff's favor.

Other errors complained of may not occur when the cause is again tried under the rules of law above laid down.

The judgment is reversed, with directions to sustain defendants' motion for a new trial.

Travis and Willoughby, JJ., absent, and not participating.