AVERY *v.* CITIZENS LOAN AND TRUST COMPANY, ADMINISTRATOR.

[No. 14,270. Filed March 11, 1932.]

162

*Harker & Irwin,* for appellant.

*Thomas M. Ryan, Stroup & Dawson* and *William Robinson,* for appellee.

CURTIS, J.—This was an action by the appellant upon a claim against the estate of Albert E. Betts, deceased, for machinery rental and repairs furnished by appellant under a written contract with A. F. Cohee Company, a copartnership. The amount of the recovery, if any, was stipulated, so that the sole question for determination in the trial court was whether or not the said estate was liable. The claim had been disallowed and transferred to the issue docket for trial under the provisions of §3161 Burns 1926. Issues were formed upon the implied general denial. The cause was tried before the court without a jury and a finding and judgment entered for the appellee. The appellant filed a motion for a new trial, which was overruled and this appeal prayed and perfected. The only error assigned is the ruling on the motion for a new trial. The errors relied upon for reversal relate to the following causes

in the motion for a new trial: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) error of the court in excluding certain evidence.

The evidence and the record disclose that, during the year 1919, the decedent, together with H. M. Cohee and A. F. Cohee, formed a copartnership under the name of "A. F. Cohee & Company," and that, on April 8, 1920, a certificate was filed in the office of the clerk of the circuit court of Clinton County stating the full name and residence of each of said partners as the persons engaged in such partnership; that the business of such partnership was road construction; that, on September 3, 1925, A. F. Cohee wrote to the Nickel Plate Railroad Company stating the name of the partners to be as above indicated; that, on October 22, 1925, the partnership submitted a bid to said railroad for the doing of the work, upon which the machinery was used, the rental and repairs of which machinery are the subject of the claim sued upon; that said bid was in writing and accepted in writing October 28, 1925 by the railroad company, which written acceptance contained the provisions that work was to be commenced as soon as it could be arranged and that a written contract would be prepared and submitted by the railroad company and that a bond for $62,000 should be given by the contractors; that work was immediately started prior to the death of the decedent, using the partnership equipment; that, on November 27, 1925, the decedent died; that, on December 5, 1925, the railroad engineer wrote a letter to the general solicitor of the railroad advising him of the death of the decedent; that said general solicitor on December 18, 1925, wrote the railroad engineer submitting a formal contract and stating: "Since the Cohee Company is a partnership, the contractor appears as A. F. Cohee and H. M. In view of Mr. Bett's death it

was not proper to include his name as a partner"; that, on December 22, 1925, the railroad engineer wrote A. F. Cohee submitting the formal contract which was dated December 1, 1925, which contract purported to be between "A. F. Cohee and H. M. Cohee copartners doing business as the A. F. Cohee Company" and the railroad company; that February 3, 1926, the equipment lease, under which the claim in the instant case arose, was executed between the appellant and the A. F. Cohee Company, without mentioning the individual members of the partnership, except that the signature is A. F. Cohee Company by A. F. Cohee; that the equipment furnished by the appellant was used in the completion of the contract with the railroad company; that the rental and repairs of said equipment were not paid; that, on December 7, 1925, an affidavit was made by A. F. Cohee, which was filed in No. 3419 Clinton Circuit Court, in the matter of the surviving partnership of A. F. Cohee Company, showing the membership of the copartnership, and asking that the affiant be permitted to administer the affairs of said partnership as surviving partner, and stating that he desired to take an inventory of the assets belonging thereto and cause an appraisment thereof to be made according to law, and that he has selected William A. Irwin as one appraiser, and he asks the clerk to appoint another appraiser; that an inventory and appraisement of the assets of the surviving partnership, made by Addison F. Cohee, and appraised by said William A. Irwin and Rolla W. Hendrix, was sworn to by said appraisers on November 15, 1926, and filed in said surviving partnership; that Addison F. Cohee made oath "that he is one of the surviving partners of the firm of A. F. Cohee Company; that the foregoing inventory or schedule contains a full, true and complete list of all properties, rights, credits, moneys, and effects belonging to said firm and

that the interest of said deceased partner in and to said firm was the one-third thereof"; that said inventory and appraisement on its face shows that it was made as of December 31, 1925; that an examination of the said inventory and appraisement fails to disclose that the contract with the railroad company was in any manner treated as an asset or liability of the surviving partnership.

While the inventory and appraisement refer to the assets and liabilities of the surviving partnership as of December 31, 1925, a date which is 34 days before the date of the equipment lease sued upon, they were not in fact filed until several months thereafter, therefore, the contents thereof would be no notice to the appellent. Neither is there any claim of estoppel asserted against the appellee by the appellant.

The inventory and appraisement are very persuasive in showing that one, at least, of the surviving partners, Addison F. Cohee, did not consider that the railroad contract was either an asset or a liability of the surviving partnership. We mention this, not as showing that the appellant would be bound by the inventory and appraisement, but as showing how the railroad contract was treated by the surviving partners. It throws some light on the situation.

The original partnership name is shown by the certificate filed in the clerk's office on April 8, 1920, to be "A. F. Cohee & Company," whereas, the name used in the equipment lease sued upon is "A. F. Cohee Company." This may or may not have been considered by the trial court to be significant. The affidavit to the claim sued on in the instant case shows that the account was against the "A. F. Cohee & Company." These different names seem to have been used indiscriminately.

We recognize the general rule of law to be that, where it appears that the minds of the parties have met, that

a proposition for a contract has been accepted by the other party, that the terms of the contract are in all respects definitely understood and agreed upon, and that a part of the mutual understanding is that a written contract embodying these terms shall be drawn and executed by the parties, that this is such an agreement as will date from the making of the oral agreement and not from the date of the subsequent writing. Of course, there is no binding contract, although its terms have been orally agreed upon, where the parties have also agreed that it shall not be binding until reduced to writing. There are other exceptions to the general rule, as where the law requires the contract to be in writing or under seal, but we need not take time here to state all of the exceptions. In explanation of the general rule, it may be said that, where an offer is made, the acceptance must meet and correspond with the offer in every respect, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points, and closing with them just as they stand. *World Tire Corporation* v. *Gibson Co.* (1922), 78 Ind. App. 435, 135 N. E. 805; *Kritz* v. *Moon* (1928), 88 Ind. App. 5, 163 N. E. 112; *Atkins* v. *Kattman* (1912), 50 Ind. App. 233, 97 N. E. 174; *Corydon Milling Co.* v. *Noblesville Milling Co.* (1919), 69 Ind. App. 491, 122 N. E. 362; *Miller* v. *Sharp* (1912), 52 Ind. App. 11, 100 N. E. 108; *Brach* v. *Matteson* (1921), 298 Ill. 387, 131 N. E. 804.

The written proposition made to the railroad company proposed to construct the work according to plans and specifications on file with the railroad company for a fixed total price, and, for the purpose of procuring estimates during the progress of the construction of the work, an itemized bid per unit was also submitted. The acceptance by the railroad company was as follows: "We will accept your proposal to

do the work at unit prices specified in your letter of October 22nd, the work to be commenced as soon as can be arranged. We will have contract prepared and submit for your signature soon as can be arranged, and understand, as per our conversation, that you will arrange for bond covering in amount $62,000.00, approximately seventy-five per cent of the total estimated costs of the work including the estimated quantities and unit prices given in your letter of the 22nd." It will be seen that the acceptance was upon the basis of the unit price bid, whereas the offer was that the unit price bid was to be used for the purpose of "procuring estimates during the progress of the construction of said work," and that the total price bid was a fixed sum. The difference between these figures might or might not be great. The bid said nothing about a bond. The acceptance required a bond of $62,000 to be given by the contractor. The question of acceptable sureties was not covered by the negotiations. Such an acceptance cannot be said to be the kind required by the law to close the contract. But it is argued by the appellant that some work was done before the contract was signed and before the decedent died. While this fact may tend to show that the contractors thought they had a contract, yet it of itself does not establish the contract. There is no evidence that the decedent did anything in furtherance of the work of the alleged contract. It is to be remembered also that the written contract made after the death of the decedent was a contract between the railroad company and A. F. Cohee and H. M. Cohee, copartners doing business as "A. F. Cohee Company," and that, in the surviving partnership proceedings, this contract was not listed in the inventory and appraisement as either an asset or a liability of the surviving partnership, by A. F. Cohee, one of the surviving partners, who prepared same.

But it is the contention of the appellant that the written offer and written acceptance heretofore considered constituted a contract between the railroad company and the partnership of which the deceased was a member; that the work was commenced during the lifetime of the deceased; that the partnership equipment was used on the job; that, in order to complete the job, it became necessary to rent the machinery from the appellant, and that, in renting said machinery, the surviving partners could bind the partnership assets and the personal estate of the deceased; that it was the duty and authority of the surviving partners not only at common law but by statute to complete the executory contracts of the surviving partnership, including the said railroad contract; that, under the law of Indiana, the appellant had the right to collect its claim from the estate of the deceased without proceeding against the surviving partner and without any showing as to the insolvency of the surviving partnership; and that, when it was shown that A. F. Cohee had been discharged in bankruptcy, he thereupon became a competent witness to testify against the estate of the decedent as to matters which, under §551 Burns 1926, he would otherwise have been incompetent as a witness and that the court erred in excluding such evidence. We are of the opinion that, if all of the evidence as to the railroad contract is considered that was actually admitted, together with all of the evidence in relation thereto excluded as shown by the various offers to prove of the appellant, for the exclusion of which evidence error is assigned, even then it falls far short of showing a contract that binds decedent's estate. If this be the situation, there was, therefore, no reversible error in the exclusion of said evidence. By fair implication, at least, the appellant admits that, unless the railroad contract bound the decedent's estate, there would

be no reasonable basis for holding that the machinery rental contract sued upon bound said estate.

Under all of these facts and circumstances, we would not feel justified in disturbing the finding of the trial court, particularly in view of the fact that, unless the trial court determined that the estate of the decedent was bound by the railroad contract, there would be no reasonable basis for finding any liability against it under the machinery rental contract sued upon. Having reached the conclusion above indicated, it becomes unnecessary to discuss other alleged errors. We find no reversible error.

Judgment affirmed.