GATES ET AL. *v.* PETRI.

[No. 18,782.   Filed June 13, 1957.   Rehearing denied October 11, 1957.]

*Frederick J. Capp* and *Walter Myers, Jr.,* both of Indianapolis, for appellants.

*Paul R. Summers, William M. Osborn* and *Bingham, Summers & Spilman,* all of Indianapolis, for appellee.

COOPER, P. J.—This is an appeal from a judgment recovered by the appellee against the appellants for money had and received wherein the appellee deposited earnest money with a written proposition to purchase

real estate owned by the appellants. The record before us shows that there were numerous pleadings filed in the case which are not pertinent to the issues before this court. It was upon the amended complaint and answer in three paragraphs that the issues were closed.

The cause was submitted to a jury which returned a verdict favorable to appellee.

The appellants herein properly filed their motion for a new trial alleging as grounds therefor, (1) The verdict is not sustained by sufficient evidence; (2) The verdict of the jury is contrary to law; (3) Error of law occurred at the trial as follows:

(a) The Court erred in giving to the jury on the Court's own motion, Instruction Number 25, and to the giving of which instruction, the defendants duly objected within the proper time by making objections of record to said instruction after the court had indicated instructions it would give to the jury.

(b) The Court erred in refusing to give to the jury at the request of the defendants written instructions tendered and requested by the defendants and numbered 1 to 12 inclusive.

The lower court overruled the appellants' motion for a new trial and entered judgment for the appellee upon the verdict of the jury.

There is only one assignment of error and that is the overruling of the motion for a new trial.

From the conclusion we have reached, we believe it proper to set forth a brief summary of the pertinent facts as shown by the evidence.

The record before us tends to show that on April 10, 1951, one H. Wurster called upon the appellee herein to discuss the purchase of a farm owned by the appellants herein as tenants by the entirety; that after some discussion, the appellee herein signed and delivered to the said Wurster the following written proposition, to-

gether with his check in the sum of Five Thousand ($5,000.00) Dollars as earnest money. The proposition reads as follows:

"PROPOSITION

Indianapolis, Indiana                    April 10, 1951

A. H. Wurster

"The undersigned, hereinafter called purchaser, hereby agrees to purchase from the owner through you as his broker the property known as the Gates Farm located 4 mi. E. and 1 mi. North of Fishers consisting of 200 acres, located in Hamilton County, Indiana. Purchaser hereby further agrees to pay for said property the sum of Fifty-Five Thousand ($55,000.00) Dollars upon the following terms, viz: All cash. Purchaser to have complete possession by April 20, 1951 and said deal shall be closed on or before the above date. Buyer will assume a mortgage of approx $5,000.00 and shall deduct same from the above purchase price.

. . .

"Premiums of insurance to be prorated to date of deed.

"Purchaser will assume and agree to pay all installments of taxes on said real estate beginning with the installment due and payable in the Fall of 1951, and all installments subsequent thereto:

"Purchaser to be furnished free of charge a complete abstract of title to date as quickly as the same can be prepared, said abstract to show a merchantable or insurable title to said real estate in the name of the grantors who will sign the deed conveying said real estate, free and clear of all liens and encumbrances except as stated herein and subject to restrictions of record, if any. This transaction is to be closed by April 20 said abstract showing merchantable title or binder for title insurance is delivered.

"This offer is void if not accepted in writing on or before 12:00 o'clock noon of the 12th day of April, 1951. The above sales price includes all improvements such as electrical or gas fixtures, permanently installed heating equipment, hot water

heaters, window shades, curtain and drapery poles and fixtures, Venetian blinds, storm doors and windows, linoleum, screens and awnings . . . which belong to the above property and are now on the premises, or elsewhere, and that said items have been fully paid for by seller, except no exceptions . . .

"Purchaser deposits herewith Five Thousand Dollars ($5,000.00) as earnest money to apply upon the cash payment provided herein with the understanding that said deposit shall be returned to purchaser promptly in the event this proposition is not accepted.
" . . .

"It is expressly agreed that all terms and conditions are included herein and no verbal agreements of any kind shall be binding or recognized.

> "s/ Edward E. Petri
> . . . . . . . . . . . . . . .
> . . . . . . . . . . . . . . .
> Purchaser"

The record further shows that the said Wurster delivered the above proposition and the check to the appellee to the appellant Gates, and, thereupon, the appellant Gates completed the form by signing the same, and, the next day, added a notation, below his signature, which completed form and notation read as follows:

"As the owner .... of the property described herein .... hereby accept this proposition this 11 day of April 1951, and ........ agree to pay to ............... broker the sum of .......... ($.......) Dollars for ............. services rendered in this transaction.

> Bernard T. Gates

"as follows Buyer Have possession of upstairs of the House and entire farm upon closing of the deal. Seller shall have the right of use of said lower floor of house for a period of Sixty day from this day. And use of barn and small lots and pasture until present owner can have a sale which shall be not later 30 days from the above date."

A pertinent part of the evidence disclosed by the record of the events from the point where the appellee gave the proposition and check to Wurster for delivery to Gates is conflicting. Wurster testified he gave the proposition and check to Gates the same night it was signed (April 10, 1951) and that Gates signed the acceptance that same night in the presence of Gates' wife and self. Gates' wife, although the property was owned as tenants by the entireties, did not sign the acceptance of the proposition with her husband. Wurster also testified he telephoned Petri the next afternoon and advised him Gates accepted his proposition. This is denied by Petri.

Wurster testified that Gates made notes on the proposition the next day (April 11, 1951) in Gates' office in his presence and in the presence of Cooke, the farm tenant of Gates. Proposition shows it was accepted as of April 11, 1951.

Gates said he signed on night of April 10th and that Wurster advised Petri by telephone the next day of Gates' acceptance. As heretofore stated, this was denied by Petri and the jury could have, and evidently did, believe him. Consequently, the jury could have considered that there was no notice given of the acceptance.

Suppose, at this point, that Petri had brought action to enforce the contract. Gates could have defended on two grounds, (1) that Mrs. Gates did not sign and he, Gates, could not bind her by contract, and (2) there being no notice of the acceptance, there was no contract.

Petri testified that he did not receive any communication from Wurster or Gates before 12:00 noon on April 12, 1951, the date and time by which the proposition was to be accepted or the return of his check. Petri testified that the matters contained in the addition, and/or the notation added to the proposition by Gates

under his signature were not discussed with him until Sunday, April 15, 1951. Petri informed Wurster he was calling the deal off.

It is apparent from the verdict returned by the jury that they did not believe that the appellants accepted the proposition of the appellee within the time specified and therefore no contract existed between the parties. We believe there was sufficient evidence to support the verdict.

It is for the trier of the facts, in this case, the jury, to reconcile, to reject, or accept part of disputed or conflicting testimony, even when made by the same witness and that witness is a party to the action. *Snider* v. *Truex* (1943), 222 Ind. 18, 51 N. E. 2d 477; *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 34 N. E. 2d 190.

The jury is the judge not only of the weight of the evidence, but also the credibility of the witnesses and not the reviewing court. *Cotner* v. *State* (1909), 173 Ind. 168, 89 N. E. 847; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Weir* v. *Lake* (1942), 112 Ind. App. 318, 41 N. E. 2d 828; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157.

As we have many times said, this court will not weigh the evidence. We may look only to that evidence and the reasonable inferences therefrom most favorable to the appellee. *Burks* v. *Walters* (1957), 127 Ind. App. 358, 141 N. E. 2d 872; *Sims Motor Transport Lines* v. *Davis* (1955), 126 Ind. App. 344, 130 N. E. 2d 82; *Thompson* v. *Dyar* (1955), 126 Ind. App. 70, 130 N. E. 2d 52; *Armstrong Cork Co.* v. *Maar* (1953), 124 Ind. App. 105, 119, 111 N. E. 2d 82.

It is well settled that in order for an offer and an acceptance to constitute a contract, the acceptance must

meet and correspond with the offer in every respect, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points, and closing with them just as they stand. *World Tire Corporation* v. *Gibson Co.* (1922), 78 Ind. App. 435, 438, 135 N. E. 805; *Miller* v. *Sharp* (1912), 52 Ind. App. 11, 100 N. E. 108; *Corydon Milling Co.* v. *Noblesville Milling Co.* (1919), 69 Ind. App. 491, 122 N. E. 362; *Atkins* v. *Kattman* (1912), 50 Ind. App. 233, 97 N. E. 174.

The record before us affirmatively shows that the offer was made to the owners described in the proposition and the record discloses that the appellants were the owners by the entireties.

The record further affirmatively shows that the wife of the appellant Gates did not sign the acceptance of the offer or proposition, and there appears no evidence that Bernard T. Gates was the agent of or authorized to sign for his wife. An offer can be accepted only by the offeree. To constitute a valid contract, the minds of the parties must have met on the identities of the person with whom they are dealing. In the case at bar, the offerers' proposition was to the owners of the real estate described. These lands were a farm, owned by Bernard T. and Marion K. Gates, who were husband and wife, and they held this land as tenants by entireties, and neither party could, in any manner, contract to dispose of the said farm without the written consent of the other. *Dyer et al.* v. *Eldridge et al.* (1893), 136 Ind. 654, 36 N. E. 522, and cases cited; Burns' 1949 Replacement, §33-101.

The appellants herein predicate error in the giving of the court's instruction No. 25 and in refusing to give appellants' instructions Nos. 1, 2 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12. Instructions Nos. 4, 5, 6, 7, 11 and 12 set forth in the appellants' motion for a new trial are

not discussed in the argument of the appellants' brief, and any error in refusing to give said instructions Nos. 4, 5, 6, 7, 1 1and 12 is therefore waived.

The appellants' Specification A under error of law occurring at the trial is: "The court erred in giving the jury instruction No. 25."

No objection to said instruction by appellants appears in their amended brief.

It is the law that the failure to include objections to instructions in the briefs presents no question for review, as neither the Supreme Court nor our court will search the record in order to reverse.

In discussing this proposition, the Supreme Court has said:

"We also find that the appellant's brief does not contain the complaint, the appellee's motion to strike parts of the complaint, the appellee's answer and counterclaim, *nor the objections to the instructions which were given.* In order to fully present each of these claimed errors, the above portions of the record are parts of the same so admitted necessarily *should have been concisely set out in the appellant's brief.* . . .This court will not search the record in order to reverse." *Lake Motor Freight Line, Inc.* v. *New York Central Railroad* (1950), 228 Ind. 371, 372, 92 N. E. 2d 221. (Our emphasis)

The appellants maintain the court erred in refusing to give their tendered instruction No. 1, which reads as follows:

"If you find that Gates wrote certain statements concerning possession and use of the premises on the back of the proposition underneath his signature approximately 12 hours after he had signed his name thereto, such statements did not constitute a part of his acceptance of the proposition and was not thereby a rejection of Petri's offer to purchase, but there was a written contract in existence between Gates and Petri prior to the time such statements were written, and if you find that Petri

breached said contract, then you shall find for the defendants on their cross-complaint and against the plaintiff on his complaint."

The trial court did not err in refusing to give the foregoing instruction. It is apparent that said instruction invaded the province of the jury in that the jury was told what the evidence established; such, of course, is the sole province of the jury. In civil cases the jury takes the law from the court, but the facts are for the jury alone. *Prudential Ins. Co.* v. *Thatcher* (1936), 104 Ind. App. 14, 17, 18, 4 N. E. 2d 574.

The appellants further aver that the court erred in refusing to give their tendered instructions No. 2 and No. 3.

## "INSTRUCTION No. 2

"If you shall find that the writing by Gates underneath his signature on the proposition constituted a part of his acceptance, then Gates' acceptance constituted a counter offer in writing and if you find that Petri verbally agreed to the terms thereof then there was a binding written contract between Petri and Gates, and if you find that Petri subsequently breached that contract, you shall find for the defendants on their cross-complaint and against the plaintiff on his complaint."

## "INSTRUCTION No. 3

"If you shall find that Bernard T. Gates wrote certain statements concerning possession and use of the premises on the back of the proposition underneath his signature and at least 12 hours after Gates had signed his name thereto, and if you find that Petri verbally agreed to the terms set forth in such statements, then Petri and Gates entered into a subsequent verbal agreement, a memorandum of which was written on the back of the proposition, which agreement modified the terms of the original proposition and became a part of said proposition and therefore a contract of purchase "existed between Gates and Petri which was modified by the

subsequent verbal agreement, and if you find that Petri breached the agreement as modified, you shall find for the defendants on their cross-complaint and against the plaintiff on his complaint."

The court did not err in refusing to give said instructions numbered 2 and 3. Said instructions invaded the province of the jury as to the facts and incorporated erroneous statements of the legal effect of such facts, if found. Where a contract is required by law to be in writing, it can only be modified by a written instrument. *Maglaris* v. *Claude Neon Federal Co., Inc.* (1935), 101 Ind. App. 156, 160, 198 N. E. 462, and cases cited. Further, it is well settled that in order for an offer and an acceptance to constitute a contract, the acceptance must meet and correspond with the offer in every respect, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points, and closing with them just as they stand. *World Tire Corporation* v. *Gibson Co., supra,* and cases therein cited. Said instructions did not so inform the jury.

The appellants' requested instruction No. 8 which was refused by the court read as follows:

"You are instructed that as a matter of law notice of the acceptance of an offer to purchase real estate need not be in writing unless it is required by the offer, and that the written acceptance of a written offer is complete and creates a binding contract if oral notice thereof is communicated to the offeror at a later date but within the time expressed in the offer."

This instruction is an abstraction. It does not apply to any specific issues or facts involved in this case. It is not error to refuse an instruction which is merely a statement of an abstract proposition of law. *Snyder* v. *Stanley* (1922), 77 Ind. App. 253, 256, 133 N. E. 512;

*Sweeney et al.* v. *Sweeney* (1940), 107 Ind. App. 466, 474, 25 N. E. 2d 273.

The trial court did not err in refusing to give appellants' instruction No. 9.

> "You are instructed as a matter of law that a written agreement may be changed or modified by a subsequent oral agreement upon sufficient consideration. If you find by a preponderance of the evidence that Gates and Petri entered into a written contract on April 10, 1951 whereby Gates agreed to sell and Petri agreed to buy the Gates farm for $55,000.00, and that subsequently a part of that written contract was modified on April 11, 1951 by an oral agreement concerning the possession of the premises by the tenants of both Petri and Gates, and if you find that Petri failed or refused to perform this contract, then you shall find for the defendants on their cross-complaint and against plaintiff on his complaint."

The tendered instruction erroneously mis-states the law relating to agreements concerning the sale of lands in Indiana. Statute of frauds requires that a contract for the sale of lands must be in writing in order to be enforceable.

As before stated, a contract required by law to be in writing can only be modified by a written instrument. *Maglaris* v. *Claude Neon Federal Co., Inc., supra; Bradley* v. *Harter* (1901), 156 Ind. 499, 60 N. E. 139; *Burgett* v. *Loeb* (1909), 43 Ind. App. 657, 88 N. E. 346. Our Supreme Court has stated, "A contract required by law to be in writing must be wholly so in order to be enforceable as a written contract. A contract partly in writing and partly in parol is a parol contract, and does not satisfy a statute requiring a written contract." *Board of Commissioners of Marion County* v. *Shipley* (1881), 77 Ind. 553; *Luther* v. *Bash* (1916), 61 Ind. App. 535, 539, 112 N. E. 110; *Peters* v.

*Martin* (1919), 69 Ind. App. 436, 442, 122 N. E. 16; *Gordon* v. *Gordon* (1884), 96 Ind. 134, 135; *Weaver* v. *Shipley et al.* (1891), 127 Ind. 526, 533, 27 N. E. 146; *Zimmerman* v. *Zehender* (1905), 164 Ind. 466, 469, 73 N. E. 920; *Neal* v. *Baker* (1926), 198 Ind. 393, 403, 404, 153 N. E. 768; *Sheldmyer* v. *Bias* (1942), 112 Ind. App. 522, 529, 45 N. E. 2d 347; *Wertheimer* v. *Klinger Mills, Inc.* (1940), 216 Ind. 481, 485, 25 N. E. 2d 246.

Instruction No. 10 proposed to inform the jury as an abstract proposition of law, with no application to the evidence, that a husband may accept a proposition to purchase real estate and that such acceptance constitutes a binding contract. Clearly, there was no error in refusing this instruction. Furthermore, appellants do nothing more in their argument as to this instruction than to cite one case from Massachusetts and one from Ohio, without any application to the point intended to be urged. No error of the court is made apparent.

Since we are of the opinion that the record herein discloses no reversible error, the judgment of the Hancock Circuit Court is affirmed.

Royse, J., not participating.

NOTE.—Reported in 143 N. E. 2d 293.