INTERNATIONAL SHOE COMPANY *v.* LACY.

[No. 17,174. Filed March 20, 1944. Rehearing Denied May 11, 1944.]

642

*Owen S. Boling* and *Newberger, Simon & Davis* and *Alex Asch,* all of Indianapolis, for appellant.

*Walter G. Todd* and *Milton E. Craig,* both of Indianapolis, for appellee.

DRAPER, J.—Appellant sued appellee on account for certain shoes sold and delivered. Appellee admitted the indebtedness and filed what she denominated a cross-complaint, seeking damages for the breach of an alleged contract between the parties, by the terms of which the appellee was to have the exclusive right to sell appellant's "Conformal" shoes in the City of Indianapolis.

The court found for appellant on its complaint and for appellee on her cross-complaint. The only question presented concerns the cross-complaint which alleges, among other things, that on February 19, 1940, it was agreed between the parties that appellee "would undertake to establish a retail store or salon in the City of Indianapolis for the sale of Conformal shoes, manufactured and sold by cross-defendant (appellant) and would purchase a stock of shoes from cross-defendant, and in consideration thereof said cross-defendant did then and there promise and agree that this cross-complainant (appellee) would be the sole and exclusive dealer of said brand of shoes within and for the City of Indianapolis, Indiana. That at the time, viz., February 19, 1940, one John Seulean was a duly appointed, constituted and authorized dealer in Conformal shoes manufactured by cross-defendant, and it was then and there further agreed by and between cross-complainant and cross-defendant that this cross-complainant would and should be the only dealer in that brand of shoes in Indianapolis, Indiana; and as an inducement to this

cross-complainant to purchase a quantity of said shoes the said cross-defendant . . . gave explicit orders . . . not to ship the spring order of said Seulean, . . . and to ship him no more shoes. That relying upon the express agreement . . . this cross-complainant . . . confirmed a tentative order for . . . a quantity of said shoes, . . . and said shoes were shipped and received" and said cross-complainant did open and continuously operate said shoe store up to this date.

It further alleges that the appellee requested the appellant to reduce the agreement to writing, and the appellant agreed to confirm it by letter, which was never done; that appellee has purchased further orders of shoes from appellant but that appellant "in deliberate violation of the terms of said agreement . . . has recognized the said Seulean as a dealer and made frequent sales of said Conformal shoes to him," and he continues to deal in said shoes in said city, all to appellee's damage.

The evidence shows that after some preliminary negotiations the parties did have conversations from which the agreement might be found or inferred substantially as alleged. On the 13th day of March, 1940, appellant wrote appellee a letter setting out the terms and conditions under which it would extend exclusive representation to appellee but that letter is not shown to have been received by appellee. The store was opened April 8, 1940, and appellee continued to buy shoes from appellant until February 28, 1941, but appellant continued to sell to Seulean.

The appellant contends there was no binding contract because the agreement of the parties was never reduced to writing. There is no binding contract where, although its terms have been orally agreed upon, the parties have also agreed that they shall not

be bound until the same shall have been reduced to writing, *Avery* v. *Citizens Loan & Trust Co., Admr.* (1932), 94 Ind. App. 161, 180 N. E. 23, but where they assent to all of its terms, the mere reference to a future contract in writing will not negative the existence of a present and completed one. *Featherstone, etc., Mach. Co.* v. *Criswell* (1905), 36 Ind. App. 681, 75 N. E: 30. It was not contemplated here that the reduction of the agreement to writing should be a condition precedent to the formation of a contract, nor that the writing should include terms in addition to those verbally agreed upon. The writing was expected to be nothing more than a letter or memorandum from appellant confirming the arrangement as made and constituting a memorial of it. The non-existence of a writing is therefore not decisive of whether there was actually a contract, although the failure of the parties to include material terms in the agreement actually made may of course prevent any rights or obligations from arising on either side because of the lack of a completed contract. *Rosenfield* v. *United States Tr. Co.* (1935), 290 Mass. 210, 195 N. E. 323, 122 A. L. R. 1210.

The appellant next contends the agreement is lacking in mutuality, and is entirely too indefinite and uncertain to furnish a basis for the recovery of damages for its breach. The agreement, both as pleaded and proven, is entirely silent in many particulars. The appellee did not agree to buy any particular quantity of shoes at any particular price on any stated terms after the initial purchase. She did not agree to buy her requirements of shoes, nor in fact to make any further purchases of shoes from appellant, nor to continue to purchase or sell shoes for any stated time, nor to handle appellant's shoes exclusively. The appellant, on the other hand, did not agree to continue to sell shoes to

appellee for any particular time or on any stated terms or at all. It did not agree to extend exclusive representation on any fixed date, nor could it, for as long as Seulean had in his possession an unsold pair of its shoes previously purchased, he could rightfully continue to sell them. It did not agree to continue exclusive representation once commenced for any certain time, nor under any certain conditions. It may logically be assumed that the parties expected, the one to sell and the other to purchase, shoes, so long as it continued to be convenient, desirable and profitable for them to do so, but they did not bind themselves to continue their business relationship for any specified period of time. It could hardly have been within the contemplation of the parties that appellee should have the exclusive right to retail appellant's shoes forever, whether or not she remained in the shoe business or whether or not she bought any more of appellant's shoes, or if she bought only a few pairs at scattered intervals. Appellant could not compel appellee to stay in business, nor to buy or sell any particular quantity of its shoes or any shoes at all. Appellee could not compel appellant to sell shoes to her at any particular price or on any stated terms, or in fact to sell any shoes at any time, or for any time, nor could either prevent a cancellation of the agreement by the other at any time.

There is some evidence to the effect that one of appellant's agents predicted that appellee would be on "easy street" if she remained in business for eight or ten years, but there is no contention that the relationship was actually agreed to continue for such a period of years nor could there be, for such a verbal agreement would clearly be within the statute of frauds.

Courts will not find uncertainties in contracts if it is

possible to logically construe them otherwise, but for a contract to be valid and enforcible, it must be reasonably definite and certain, so that the intention of the parties can be ascertained. *Wallace* v. *Mertz, Admr.* (1927), 86 Ind. App. 185, 156 N. E. 562. Neither can courts make contracts for parties, nor can they, under the guise of interpretation, supply provisions actually lacking, or impose obligations not actually assumed. *The Illinois Pipe Line Co.* v. *Brosius* (1939), 106 Ind. App. 390, 20 N. E. (2d) 195.

We cannot find in the conversations of the parties, from which alone the agreement may be gathered, that degree of certainty and definiteness which is necessary to the formation of a binding and enforceable contract. Similar agreements have been challenged in many of the reported cases and the weight of authority indicates that appellant's position as to lack of certainty is well taken. *Jordan* v. *Buick Motor Co.* (1935), 75 F. (2d) 447, and cases therein cited.

The appellee insists, however, that her action is one for the breach of a unilateral contract. That appellant promised her exclusive representation in Indianapolis if she would acquire funds for the purpose from the disposition of other property, and open a store for the sale of Conformal shoes and purchase an order of shoes, and that she did so, thus performing her part of the bargain and rendering appellant's promise obligatory, and avoiding any want of mutuality.

However, appellee did not confine her proof of damages to the expense incurred in opening the store or to any loss in connection with the original purchase, but introduced evidence of the later loss of other profits, and it seems to us that neither party was interested in the mere opening of a store, and that they were not

contracting with that in view as the end result to be accomplished, but on the contrary the object under consideration was a marketing agreement for the sale of shoes, and the promise of exclusive representation was an inseparable element of the broader executory agreement which must fall for the lack of mutuality and of certainty. *Curtiss Candy Co.* v. *Silberman* (1930), 45 F. (2d) 451; *Ford Motor Co.* v. *Kirkmyer Motor Car Co.* (1933), 65 F. (2d) 1001; *General Shoe Corporation* v. *Hall* (1938), Texas Court of Civil Appeals, 123 S. W. (2d) 721; *Plant Mfg. Co.* v. *Renner* (1925), 212 N. Y. S. 710.

Courts will, whenever possible, interpret an offer as contemplating a bilateral rather than a unilateral contract, 1 Williston on Contracts, Revised Ed. § 60, p. 166, but assuming for the sake of discussion that the contract alleged and proven did not amount to a promise for a promise, but was a promise conditioned upon the doing of an act, we are still unable to find sufficient certainty in appellant's offer and appellee's performance to support a contract, for while entire or partial performance on the part of the offeree will sometimes create a contract which could not have been created by verbal acceptance, Restatement Law of Contracts, § 33, nothing connected with appellee's performance serves to render the agreement more certain, for as to time the offer of exclusive representation still had neither beginning nor ending.

It is recognized, as it was in *Curtiss Candy Co.* v. *Silberman, supra,* and as stated in Restatement Law of Contracts, § 90, that an offer of a unilateral contract which the offeror should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, and which does induce such action or forbearance, may sometimes be consid-

ered irrevocable if injustice can be avoided only by enforcement of the promise, but here again, it seems to us, the offer must be sufficiently definite and certain so that the intention and responsibilities of the parties can be ascertained.

It has been held that an agreement to grant exclusive representation is not invalid merely because the time of termination is not fixed, on the theory that the parties must have contemplated that a reasonable opportunity would be given to dispose of the goods purchased under the agreement, without competition from others. *Carlson* v. *Stone-Ordean-Wells Co.* (1910), 40 Mont. 434, 107 P. 419; *Saddlery Hardware Co.* v. *Hillsborough Mills* (1895), 68 N. H. 216, 44 A. 300. Whether that rule should be adopted and applied in this State, in this case to the original purchase of shoes on the theory that it was a part of appellee's acceptance by performance, it is unnecessary to decide. In the interpretation of this oral agreement, it being at best somewhat ambiguous, all of the circumstances surrounding the parties and known to them must be considered, *Wood, Administratrix,* v. *Lindley et al.* (1894), 12 Ind. App. 258, 40 N. E. 283, and in this case appellee could not have relied upon that protection, for she knew that her original purchase of shoes must be disposed of during a time when Seulean could rightfully dispose of his stock of the same shoes in the same territory.

In this view of the case it will be unnecessary to consider other alleged errors.

Judgment on complaint affirmed, on cross-complaint reversed.

NOTE.—Reported in 53 N. E. (2d) 636.