JACK R. DAYHUFF v. CANONIE CONSTRUCTION COMPANY ET AL.

[No. 971A175. Filed May 18, 1972.]

*Tofaute & Spelman*, of Terre Haute, for appellant.

*Robert S. Ratcliffe, Dix, Patrick, Ratcliffe & Adamson*, of Terre Haute, for appellees Canonie Construction Company, *Cox, Zwerner, Gambill & Sullivan*, of Terre Haute, for appellees Gibson Coal & Supply Co.

ROBERTSON, P.J.—Dayhuff and Canonie Construction Company entered into an agreement whereby Dayhuff was to haul sand to a highway construction project. The agreement, signed by Canonie's project engineer, is reflected by the following instrument:

FIELD PURCHASE ORDER
CANONIE CONSTRUCTION COMPANY
P. O. Box 192
SOUTH HAVEN, MICHIGAN 49090

Vendor's Copy
No. 979

TO: Jack R. Dayhuff   Date July 11, 1967
2139 Margaret Ave.  Job No. 67-10 GB
Terre Haute, Indiana  Location I-70 Clay County

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| | Haul sand (Indiana State Highway special B. Bollow) from Wabash Sand & Gravel Co., Terre Haute, Indiana; to I-70 project R-7390 Clay So. as required. Approximately 35,000 to 50,000 cyds. yards 0.95 per ton scaled. | | |

REMARKS: Drivers to be put on Canonie Construction payroll and amount to be deducted from yardage billed @ 0.95 ton.

INVOICES must state order number and point of delivery.

CANONIE CONSTRUCTION COMPANY
By Carl J. _____ . __

IMPORTANT: This purchase order MUST be completed on ALL purchases, rentals, etc., made by field personnel. Send copy to those listed at top right hand corner.
S-56 1M 6-64

Shortly thereafter, Canonie signed a similar agreement with Gibson Coal Company and another not involved in this case.

Dayhuff brought suit against Canonie for breach of contract upon the theory the above field purchase order gave him exclusive hauling rights to this project. Dayhuff also sued Gibson Coal Company for tortious inducement for breach of contract and conspiring (with Canonie) to restrain trade.[1]

Canonie and Gibson filed motions for summary judgment which were granted giving rise to this appeal.

In view of the result this opinion reaches, it will be necessary to discuss but one issue, namely, whether the field purchase order set forth above created a contract, exclusive to all others, between Dayhuff and Canonie. All questions but one rest upon the supposition that such a valid contract existed.

Dayhuff's primary position, in order to prevail, requires that the "purchase order" fulfills the office of a valid, binding, and exclusive contract between Dayhuff and Canonie. The instrument here involved does not attain those proportions.

Dayhuff makes argument that a genuine issue of material fact did exist as to the type of agreement made between himself and Canonie. A written instrument should ordinarily be interpreted to mean on its face what it purports to be, unless some good reason can be assigned to show that the words can be understood in a different sense. The *Illinois Pipe Line Co.* v. *Brosius* (1939), 106 Ind. App. 390, 20 N. E. 2d 195; *Lawrence* v. *Cain* (1969), 144 Ind. App. 210, 245 N. E. 2d 663. It is, therefore, needless to reply upon the depositional testimony, adduced in the record to determine the intent of the parties, for the written document speaks for itself.

The trial court's findings of fact hold that the document in question is unambiguous on its face and lacks mutuality, consideration and certainty.

A legally analogous situation is reflected in *Zeyher* v.

1. IC 1971, 24-12-1, Ind. Ann. Stat. § 23-116 (Burns 1964).

*S. S. & S. Manufacturing Co.* (7th Cir., 1963), 319 F. 2d 606, wherein the court found an agreement too indefinite to be enforceable. There, as here, the lack of obligation to accept the offer, by Dayhuff, defeats mutuality. See also, *Red Wing Shoe* v. *Shepherd Safety Shoe Corp.* (7th Cir., 1947), 164 F. 2d 415.

Indiana courts will not find uncertainty in contracts if logical construction can find certainty, but to be valid and enforceable the contract must be reasonably definite and certain. *International Shoe Co.* v. *Lacy* (1944), 114 Ind. App. 641, 53 N. E. 2d 636.

The legal effect of the field purchase order is, at most, a series of unilateral offers with delivery constituting acceptance resulting in a series of severable and independent contracts.

Dayhuff's remaining argument regarding the trial court's finding of fact and conclusions of law, insofar as they pertain to his failure to file opposing affidavits to the motions for summary judgment, are not well taken. The finding of fact that Dayhuff "has not filed any affidavits in opposition to either of the defendants' Motions for Summary Judgment" accurately reflects the state of the record. The corresponding conclusion of law merely sets out the provision of TR. 56(E), which allows summary judgment, if appropriate. We are of the opinion it was appropriate in the case at bar.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 283 N. E. 2d 425.