ELEANOR MARSHALL *v.* LOUIS T. AHRENDT, D/B/A LOUIS AHRENDT CONSTRUCTION.

[No. 3-474A62. Filed August 14, 1975.]

*Gordon A. Etzler, John E. Hughes, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellant.

*Robert J. Walker,* of Chesterton, for appellee.

HOFFMAN, J.—Plaintiff-appellee Louis T. Ahrendt, d/b/a Louis Ahrendt Construction (Ahrendt) commenced this action in the trial court to foreclose a mechanic's lien claimed by him

for certain construction work performed upon real estate owned by defendant-appellant Eleanor Marshall (Marshall). Marshall then counterclaimed for damages which, she asserted, resulted in part from Ahrendt's breach of a construction contract between them.

Trial was had before the court without the intervention of a jury. The trial court entered judgment in favor of Ahrendt on his complaint, and disallowed Marshall's counterclaim. Marshall's motion to correct errors was overruled, and this appeal was perfected.

On appeal, Marshall first questions a finding by the trial court that "no oral contract" existed between Ahrendt and herself. Such finding may not be overturned on appeal unless this court is satisfied that it is clearly erroneous. See *Hacker* v. *Dan Young Chevrolet, Inc.* (1973), 159 Ind. App. 28, 304 N.E.2d 552; Ind. Rules of Procedure, Trial Rule 52 (A).

In the case at bar, the parties made the following stipulation in the pre-trial order:

> "That Eleanor Marshall and Louis T. Ahrendt d/b/a Louis Ahrendt Construction, entered into a verbal contract on or about October 6, 1971, to construct an addition to the house and a garage building on the premises."

The court recognized the stipulation as demonstrating that the parties belived they had some type of contractual arrangement, but found that in fact there was no (express) contract ultimately formed.

While both the stipulation and the finding might have been more artfully drawn, they are not necessarily inconsistent. The finding spoke to the ultimate issue, while the stipulation referred to October 6, 1971. Admittedly, many changes occurred after October 6, and if they were sufficient to destroy the original "agreement" or demonstrate that in truth there was no mutuality of assent on the essential elements of a contract, then the court's finding was not incorrect. Findings

c, d, e and f made by the court, and supported by the evidence as hereinafter discussed, disclose that the dealings between the parties were insufficient to establish the express contract asserted by Marshall.

Appellant Marshall further contends that the judgment of the trial court is contrary to law in that it failed to recognize the following provisions as terms of the contract here at issue: That the work was to be performed within 30 days; that waivers of lien were to be presented by Ahrendt before final payment; and that work as detailed in plans prepared by Ahrendt was to be done for a firm price of $12,750.

When considering an assertion on appeal that a civil judgment is contrary to law, it must be remembered that it is only where the evidence is without conflict and leads to only one conclusion, and the trial court has reached a contrary conclusion, that such judgment will be disturbed as contrary to law. Stated differently, the test is whether it affirmatively appears that reasonable men could not have arrived at the same conclusion as did the trial court. *Dyer Construction Co. Inc.* v. *Ellas Const. Co., Inc.* (1972), 153 Ind. App. 304, 287 N.E.2d 262.

The findings of the trial court, in pertinent part, were:

"(c)  The nature of the work was unclear;

"(d)  The time the work was to be consumated [sic] was not clear;

"(e)  There were many changes as the work progressed;

"(f)  There is no clear price involved;***."

The evidence and reasonable inferences flowing therefrom considered by the trial court in making these findings are conflicting. It was the duty of the trial court sitting as the trier of fact to resolve such conflicts. There is probative evidence to support each of such findings, and therefore they may not be overturned by this court. *Dyer Construction Co., Inc.* v. *Ellas Const. Co. Inc., supra.*

It is the rule in Indiana that a contract must be reasonably definite and certain to be valid and enforceable. *International Shoe Co.* v. *Lacy* (1944), 114 Ind. App. 641, 53 N.E.2d 636. As evidenced by the findings of the trial court quoted hereinabove, nearly every essential term of the contract here at issue was indefinite and uncertain. The trial court properly refused to enforce any of the terms of such contract, and properly awarded equitable recovery to Ahrendt for the reasonable value of the labor and materials furnished. *Dyer Construction Co., Inc.* v. *Ellas Const. Co., Inc., supra; Coleman* v. *Chapman* (1966), 139 Ind. App. 385, 391, 220 N.E.2d 285, 289; *International Shoe Co.* v. *Lacy, supra.*

Appellant also asserts that the trial court erred in considering an answer to interrogatories which were not introduced in evidence. The consideration of such answer by the trial court is evidenced by a reference thereto in a finding made by the trial court.

Although the trial court erroneously considered such interrogatory answer, such response concerned only the subject-matter of the particular finding in which it is mentioned and could not have affected the other findings made by the court. The decision of the trial court was supported by its other findings, and appellant has not demonstrated the prejudice required before an erroneous finding may warrant reversal. See: *Registration & Management Corp.* v. *City of Hammond* (1972), 151 Ind. App. 471, 280 N.E.2d 327.

Appellant's final contention is that the trial court erred in failing to find in favor of Marshall on her counterclaim.

Such counterclaim sought recovery of damages predicated upon breach of contract, loss of use, inferior workmanship, and damage to Marshall's property. In view of the holding hereinabove as to the validity of the contract relied upon by appellant, it is apparent that no damages may be based upon any breach of such contract.

Marshall also claimed damages allegedly resulting from the displacement of certain "blue fitzer shrubs" by Ahrendt and their subsequent demise. However, the evidence in the record most favorable to the appellee on this issue establishes that the removal of such shrubs was necessary to the commencement of the construction project, and that Marshall acquiesced in the non-maintenance of such plants after their removal.

Marshall further claimed damages for partial loss of use of the subject structure during a period that Ahrendt retained the keys thereto. However, the record herein reveals that such structure was attached to and a part of Marshall's home, and that all areas of the structure were accessible to her through her home. Further, the record reveals that Marshall changed the door locks in the structure after several months, thereby gaining unrestricted access to it. Thus, any damages occasioned by Ahrendt's retention of the keys could have been avoided by a prompt substitution of locks, and appellant is therefore not entitled to such loss of use damages. *City of East Chicago* v. *State ex rel. Pitzer* (1949), 227 Ind. 241, 84 N.E.2d 588; *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 120, 143 N.E. 596, 601; 25 C.J.S., *Damages,* § 33, at 698.

The final item of damages for which appellant counter-claimed was $75 for the repair of a leak in the roof of the subject structure. Appellant contends that the uncontradicted evidence in this cause establishes the existence of a roof leak in the structure which required such repairs, resulting from failure to tar a small area, and that the trial court erred in holding otherwise.

Appellant had the burden of proving each of the allegations of her counterclaim and has suffered a negative judgment thereon in the trial court. Accordingly, the determination of the trial court as to this issue may be disturbed only where the evidence is without conflict and leads to but one conclusion. *Chicago South Shore & South Bend Railroad* v. *Brown* (1974),

162 Ind. App. 493, 320 N.E.2d 809 (transfer denied); *Heminger* v. *Police Com'n. of City of Fort Wayne* (1974), 161 Ind. App. 72, 314 N.E.2d 827.

An examination of the record and the brief of appellee filed herein discloses that the only evidence introduced at trial upon this issue is supportive of appellant's contention, and that no evidence or reasonable inference therefrom would lead reasonable men to another conclusion. Accordingly, the holding of the trial court as to this issue must be reversed.

The judgment of the trial court is affirmed in all respects except as to its denial of Marshall's counterclaim for damages in the amount of $75 resulting from the roof defect, which holding is reversed.

Affirmed in part; reversed in part with instructions to correct the judgment accordingly.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 332 N.E.2d 223.