**NIMET INDUSTRIES, INC., Appellant (Defendant Below),**

v.

**JOY MANUFACTURING COMPANY, Appellee (Plaintiff Below).**

No. 3–980A265.

Court of Appeals of Indiana, Fourth District.

April 23, 1981.

Roland Obenchain and Timothy W. Woods, South Bend, for appellant.

Bruce P. Clark, Galvin & Galvin, Hammond, for appellee.

CHIPMAN, Judge.

Plaintiff Joy Manufacturing Company (JOY) delivered to defendant Nimet Industries, Inc. (NIMET) a certain quantity of aluminum compressor pistons which were to undergo an anodizing treatment process. On February 16, 1978 the pistons were destroyed in the fire at the NIMET plant. JOY brought this action against NIMET to recover the value of the parts lost in the fire. The parties submitted stipulations of fact to the trial court; no other evidence was presented. The court awarded JOY $8,015.41. This appeal presents three issues for our consideration:

(1) Whether the trial court correctly interpreted the risk of loss clause in the parties' contract,

(2) Whether the damages awarded were excessive, and

(3) Whether the trial court erred by not awarding JOY prejudgment interest.[1]

Affirmed.

## I. Risk of Loss

■ Ordinarily, a bailee is not liable for the loss of property in his possession absent a finding that he was at fault or otherwise failed to exercise reasonable care. *Hacker v. Dan Young Chevrolet,* (1973) 159 Ind.App. 28, 304 N.E.2d 552. The parties to a bailment may, however, by contract, enlarge the bailee's legal responsibility for the bailed property. *Spencer v. Glover,* (1980) Ind.App., 412 N.E.2d 870; *Light v. Lend Lease Transportation Co.,* (1959) 129 Ind. App. 234, 156 N.E.2d 94. In the present case the parties stipulated that the cause of the fire at the NIMET plant was arson perpetrated in an attempt to cover up a burglary. JOY'S claim against NIMET was, therefore, not based on allegations of negligence, but upon a risk of loss provision in the parties' contract. The provision read:

"*Vendor [NIMET] will be responsible for all material* and workmanship until the goods or services are finally completed, and until finally accepted by Purchaser [JOY] and agrees if the work is to be done on Purchaser's premises to keep such premises free and clear of all mechanic's liens.

"*Vendor shall be responsible for loss of* or damage to any and all patterns, molds, tools, dies or templates delivered by Purchaser to Vendor and for loss or damage to *any machinery upon which work is to be performed by Vendor while in its possession or control,* however such loss or damage may incur. [sic]." (emphasis added) (bracketed material supplied)

The trial court concluded the JOY pistons were "material" under paragraph 1 of the risk of loss provision, and "machinery" upon which work was to be performed under paragraph 2. On appeal NIMET argues the description of materials in the risk of loss provision clearly did not include "pistons", because pistons are neither "patterns,

molds, tools, dies or templates" nor "machines."

■ Of course, the primary concern of any court is to interpret a contractual provision in accordance with the intent of the parties. *Wiltse v. Cornell,* (1970) 146 Ind. App. 447, 256 N.E.2d 572; *McCool v. Ayres,* (1963) 136 Ind.App. 72, 192 N.E.2d 636. Absent some indication that a word or phrase has been used in a technical sense or should be afforded a special meaning in light of the parties' relationship, words or phrases of a contract are to be given their ordinary and popularly accepted meaning. *Huntington Mut. Ins. Co. v. Walker,* (1979) Ind.App., 392 N.E.2d 1182; *Dayhuff v. Canonie Const. Co.,* (1972) 152 Ind.App. 154, 283 N.E.2d 425. Webster's Third New International Dictionary (4th ed. 1976) defines "machinery" as, "the constituent parts of a machine or instrument." *Id.* at 1354. The compressor pistons destroyed in the NIMET fire clearly fall within this popular definition of "machinery." As the contract made NIMET responsible for the loss of any "machinery upon which work ... [was] to be performed" while in NIMET'S possession and control, regardless of the cause of such loss, the trial court correctly held NIMET liable for the fire loss of JOY'S property.

## II. Damages

■ NIMET also argues the damage award of $8,015.41 was excessive because NIMET'S liability was limited by a warranty provision in one of its sales brochures. The brochure in question, entitled "Answers to your questions about Nituff," contained the following warranty:

"WARRANTY

This warranty is expressly in lieu of all warranties, expressed or implied. Our liability for any loss or damage of any material, from whatever source or cause, is limited to the *customer's cost of raw materials or our processing and finishing price of such material,* whichever amount is the lesser."

The trial court found the sales brochure was never made a part of the parties' con-

tract, and therefore, the warranty provision therein in no way limited NIMET'S liability under the risk of loss clause. NIMET does not refer us to any facts which would indicate the trial court's conclusion was incorrect. There was no evidence to prove the warranty provision or any other statement in the brochure was ever bargained for; in fact, we find no evidence to show JOY representatives read or saw the brochure before or at the time the contract was entered into. The parties' stipulation number 5, which quoted the warranty provision relied upon by NIMET, stated:

"A sales brochure of Defendant regarding its 'Nituff' process, . . . contains the following warranty, *which was not repeated or referred to in any other documents pertinent to the transaction which is the subject matter of this litigation.*" (emphasis added)

There being no evidence that the warranty was a part of the contract in question, we hold the trial court properly refused to consider the provision as limiting the liability of NIMET in this case.

### III. Prejudgment Interest

Finally, JOY argues on cross-appeal that the trial court should have awarded prejudgment interest. JOY requested interest at the rate of 8% per annum from February 16, 1978, the date of the NIMET fire.

■ Prejudgment interest is available only when the principal amount of damages is ascertainable in accordance with fixed rules of evidence and accepted standards of valuation at the time damages accrued. *City of Anderson v. Salling Concrete Corp.,* (1980) Ind.App., 411 N.E.2d 728; *Portage Indiana School Construction Corporation v. A. V. Stackhouse Company,* (1972) 153 Ind. App. 366, 287 N.E.2d 564. JOY argues the parties' stipulations of fact "indicate" that the value of the pistons at the time of the fire loss was $8,015.41. In fact, the stipulation to which JOY refers merely recited that plaintiff's *"alleged"* damages were $8,015.41. There is no evidence which indicates how the compressor pistons were valued; there was certainly no evidence of

accepted standards of valuation. JOY'S original demand for compensation from NIMET was $12,453.44. Neither the record nor JOY'S argument on appeal demonstrates the trial court abused its discretion by refusing to award prejudgment interest.

*Accordingly, the decision of the trial court is affirmed.*

YOUNG, P. J., and MILLER, J., concur.